# TAYLOR *v.* ANDERSON.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 338.  Submitted April 30, 1914.—Decided May 25, 1914.

Whether a case begun in a District Court is one arising under the Constitution or a law or treaty of the United States in the sense of the jurisdictional statute (Judicial Code, § 24), must be determined from what necessarily appears in the plaintiff's statement of his own claim in the declaration unaided by anything alleged in anticipation or avoidance of defenses which may be interposed by defendant.

197 Fed. Rep. 383, affirmed.

THE facts, which involve the jurisdiction of the District Court of the United States under § 24, Judicial Code, are stated in the opinion.

*Mr. Napoleon B. Maxey* for plaintiffs in error.

*Mr. H. A. Ledbetter* for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

The judgment here under review is one of dismissal for want of jurisdiction. The action was in ejectment. The petition alleged that the plaintiffs were owners in fee and entitled to the possession; that the defendants had forcibly taken possession and were wrongfully keeping the plaintiffs out of possession, and that the latter were damaged thereby in a sum named. Nothing more was required to state a good cause of action. Snyder's Comp. Laws Okla., §§ 5627, 6122; *Joy v. St. Louis*, 201 U. S. 332, 340. But the petition, going beyond what was required, alleged

with much detail that the defendants were asserting owner-
ship in themselves under a certain deed and that it was
void under the legislation of Congress restricting the
alienation of lands allotted to the Choctaw and Chickasaw
Indians. However essential or appropriate these allega-
tions might have been in a bill in equity to cancel or annul
the deed, they were neither essential nor appropriate in a
petition in ejectment. Apparently, their purpose was to
anticipate and avoid a defense which it was supposed the
defendants would interpose, but, of course, it rested with
the defendants to select their ground of defense, and it
well might be that this one would not be interposed. In
the orderly course, the plaintiffs were required to state
their own case in the first instance and then to deal with
the defendants' after it should be disclosed in the answer.
Snyder's Comp. Laws, §§ 5634, 5642, 5668; *Boston &c.
Mining Co.* v. *Montana Ore Co.*, 188 U. S. 632, 639.
Diversity of citizenship was not alleged, and, unless the
allegations respecting the invalidity, under the legislation
of Congress, of the defensive claim attributed to the de-
fendants operated to bring the case within the jurisdiction
of the Circuit Court, the judgment of dismissal was plainly
right.

It is now contended that these allegations showed that
the case was one arising under the laws of the United
States, namely, the acts restricting the alienation of
Choctaw and Chickasaw allotments, and therefore brought
it within the Circuit Court's jurisdiction. But the con-
tention overlooks repeated decisions of this court by which
it has become firmly settled that whether a case is one
arising under the Constitution or a law or treaty of the
United States, in the sense of the jurisdictional statute
(now § 24, Judicial Code), must be determined from what
necessarily appears in the plaintiff's statement of his own
claim in the bill or declaration, unaided by anything
alleged in anticipation of avoidance of defenses which

it is thought the defendant may interpose. *Tennessee* v. *Union and Planters' Bank*, 152 U. S. 454, 460, 464; *Third Street Railway Co.* v. *Lewis*, 173 U. S. 457, 460; *Florida Central Railroad Co.* v. *Bell*, 176 U. S. 321, 329; *Boston &c. Mining Co.* v. *Montana Ore Co.*, *supra;* *Joy* v. *St. Louis*, *supra;* *Devine* v. *Los Angeles*, 202 U. S. 313, 333; *Louisville & Nashville Railroad Co.* v. *Mottley,* 211 U. S. 149; *Shulthis* v. *McDougal*, 225 U. S. 561, 569; *Denver* v. *New York Trust Co.*, 229 U. S. 123, 133–135. Tested by this standard, as it must be, the case disclosed by the petition was not one arising under a law of the United States.

Whether or not in other respects the plaintiffs overlooked an authorized mode of securing relief to which they may be entitled need not now be considered. See 35 Stat. 312, 314, c. 199, § 6; *Bowling* v. *United States*, 233 U. S. 528, and cases cited.

*Judgment affirmed.*