285 F.2d 617
 SHELBY COUNTY, TENNESSEE, Kenneth Nazor, Tax Assessor, Shelby County, Tennessee, and
Riley C. Garner, County Trustee, Shelby County, Tennessee, Defendants-Appellants,
v.
FAIRWAY HOMES, INC., and United States of America, Plaintiffs-Appellees.
 No. 14141.
 United States Court of Appeals Sixth Circuit.
 January 10, 1961.
 As Amended February 22, 1961.
 
 Leonard D. Pierotti, Memphis, Tenn., for appellants.
 Carl H. Langschmidt, Jr., Memphis, Tenn. (James M. Manire, Jr., Memphis, Tenn., of counsel; Chandler, Manire & Chandler, Memphis, Tenn., on the brief), for appellee.
 William Massar, Washington, D. C. (Charles K. Rice, Lee A. Jackson and A. F. Prescott, Washington, D. C., and Warner Hodges and Edward N. Vaden, U. S. Attys., Memphis, Tenn., on the brief), for the United States intervenor.
 Before MILLER, CECIL and WEICK, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 Appellee is the owner of a certain leasehold interest in real property of the United States Government in Shelby County, Tennessee, and provides housing for the Department of Navy personnel in accordance with its agreement with and regulations of the Department of the Navy of the United States Government. It brought this action in the District Court against Shelby County, Tennessee, the County Tax Assessor, and others, to determine and enforce its right to the credit due it against the 1958 ad valorem property tax assessment of Shelby County, Tennessee, pursuant to Section 511, Public Law 1020, 84th Congress. See Note "Savings Provisions" to Section 1594, Title 42 U.S.C.A.
 
 
 2
 It also sought recovery of the 1957 ad valorem taxes which it claims were illegally collected under protest because of the appellants' refusal to recognize the credit for the year 1957, to which it was entitled under the statute.
 
 
 3
 The complaint alleges that the amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. Jurisdiction was claimed under Section 1331, Title 28 U.S.C.
 
 
 4
 The Act referred to provides for a credit in cases like the present one against state or local taxes for certain payments made by the Federal Government for maintenance of streets, sewers, lighting, snow removal or other services which are customarily provided by the state, county or other taxing authority with respect to other similar property.
 
 
 5
 The complaint alleges that the credit to which the appellee is entitled as a setoff against the tax levy for 1958 has been determined to be $26,276.28 by the duly authorized designee of the Secretary of Defense of the United States Government, acting pursuant to Section 511, Public Law 1020, 84th Congress, but that the appellants have failed and refused to recognize and give effect to the said Act of Congress and said determination of credit due the appellee. Similar allegations were made with respect to the taxes paid for 1957.
 
 
 6
 Appellants moved to dismiss the action for lack of jurisdiction in the District Court. The District Judge overruled the motion to dismiss, and sustained appellee's motion for summary judgment. A judgment was entered which ordered that appellee recover of the appellants the taxes paid by the appellee under protest for the 1957 ad valorem taxes and that the appellants correct the 1958 tax books of Shelby County, Tennessee, by applying the credit of $26,276.28 to the tax levy heretofore made. In the present appeal from that judgment the only question raised is the correctness of the order overruling appellants' motion to dismiss the action for lack of jurisdiction. Appellants contend that the present action is not one arising under the Constitution or laws of the United States within the meaning of Section 1331, Title 28 U.S.C.
 
 
 7
 It is well settled that a case may be said to arise under the Constitution or laws of the United States whenever its correct decision depends upon the construction of either, or when the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction. Otherwise, not. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 115, 29 L.Ed. 388; Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70; Teague v. Brotherhood of Locomotive Firemen and Enginemen, 6 Cir., 127 F.2d 53, 55; Taylor v. Smith, 7 Cir., 167 F.2d 797; Marshall v. Desert Properties Co., 9 Cir., 103 F.2d 551, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473.
 
 
 8
 "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205; Gully v. First National Bank, supra, 299 U.S. 109, 114, 57 S.Ct. 96; Teague v. Brotherhood, etc., supra, 6 Cir., 127 F.2d 53, 55; Amalgamated Ass'n of Street, Electric Ry & Motor Coach Employees, etc. v. Southern Bus Line, 5 Cir., 189 F.2d 219, 222.
 
 
 9
 Whether jurisdiction exists must be determined from the complainant's statement of his own cause of action as set forth in his complaint, regardless of questions that may have been brought into the suit by the answer or in the course of the subsequent proceedings. Shulthis v. McDougal, supra, 225 U.S. 561, 569, 32 S.Ct. 704; Gully v. First National Bank, supra, 299 U.S. 109, 113, 57 S.Ct. 96. A suggestion in the complaint that the defendant will or may set up a claim under the Constitution or laws of the United States, does not make the suit one arising under the Constitution or those laws nor can the plaintiff's claim be aided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464, 14 S.Ct. 654, 38 L.Ed. 511; L. & N. R. R. v. Mottley, 211 U.S. 149, 152-153, 29 S.Ct. 42, 53 L.Ed. 126; Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194; Teague v. Brotherhood, etc., supra, 6 Cir., 127 F.2d 53, 55.
 
 
 10
 The complaint in the present case seeks to enforce a right which takes its origin in the laws of the United States, but there is nothing in the complaint alleging a dispute or controversy respecting the validity or construction of said law, upon the determination of which the result depends. It merely alleges that the appellants have failed and refused to recognize and give effect to the said Act of Congress and the determination of the credit due the complainant. Although we notice from the answer filed later by the appellants that the constitutionality of the Act is challenged, that issue is not disclosed by the complaint.
 
 
 11
 Under the authorities above referred to, we are of the opinion that the District Court lacked jurisdiction to hear the cause.
 
 
 12
 The judgment is reversed and the case remanded to the District Court for further proceedings not inconsistent with the views expressed herein.