Robert E. LUCAS, Ralph Mignerey and R. W. Jones, Sr., Plaintiffs-Appellants,

v.

Henry M. HOPE, Jr., F. Lamar Fleming and Charles T. Wolf, Defendants-Appellees.

No. 74–3349.

United States Court of Appeals, Fifth Circuit.

June 30, 1975.

Rehearing and Rehearing En Banc Denied Oct. 23, 1975.

John B. Harris, Jr., H. T. O'Neal, Jr., Macon, Ga., for plaintiffs-appellants.

E. S. Sell, Jr., Wallace Miller, Jr., W. Warren Plowden, Jr., Macon, Ga., for defendants-appellees.

Before GODBOLD, Circuit Judge, SKELTON, Associate Judge,* and GEE, Circuit Judge.

* Of the U.S. Court of Claims, sitting by designation.

SKELTON, Associate Judge:

This case involves a dispute as to the title and possession of church property. A controversy arose among the members of the congregation of the Vineville Presbyterian Church, located in Macon, Georgia, and on May 27, 1973, a resolution was adopted by the congregation by a vote of 165 to 94 to withdraw from the Presbyterian Church in the United States, with which the Vineville Church had been affiliated since 1904. The minister, defendant Hope, was one of the withdrawing members. Those who voted against the resolution, including the plaintiffs Lucas, et al., remained in the church and now claim to be the true congregation of the Vineville Church.

The Presbyterian Church in the United States is a hierarchial church with a connectional form of government. The local church unit is governed by its Session, the Session by the Presbytery, the Presbytery by the Synod, and the Synod by the General Assembly which governs all local church units, Presbyteries and Synods in the United States. The Presbytery, Synod and General Assembly are specifically designated in the Book of Church Order as Church Courts.

The Presbytery of Augusta-Macon, the Church Court of the Presbyterian Church in the United States having immediate jurisdiction over the Vineville Church, was notified immediately after the passage of the resolution that defendant Hope and those associated with him had withdrawn from the Presbytery of Augusta-Macon and the Presbyterian Church in the United States. Thereafter, on or about June 26, 1973, the Augusta-Macon Presbytery, acting through its duly constituted Administrative Commission, issued a ruling to the effect that defendants and the class they represent are no longer officers or members of the Presbyterian Church in the United States and "have forfeited all ecclesiastical privileges of the PCUS and all rights to the property of the Congregation," and that the plaintiffs and the class they represent who remained loyal "are rec-

ognized and are hereby declared to be the true congregation of Vineville Presbyterian Church." No appeal was taken from this ruling by defendants or any member of the class they represent to any higher Church Court in the Presbyterian Church in the United States. Notwithstanding this ruling and decision, defendant Hope and the other withdrawing members aforesaid have remained in exclusive possession of the Vineville Church building, appurtenances and assets.

The plaintiffs, Robert E. Lucas, Ralph Mignerey, and R. W. Jones, Sr., individually and in behalf of a class consisting of persons who are the true congregation of the Vineville Presbyterian Church, as recognized and decreed by the Augusta-Macon Presbytery of the Church, filed their complaint in the United States District Court for the Middle District of Georgia against Henry M. Hope, Jr., F. Lamar Fleming, Charles T. Wolf, and the class they represent, all of whom withdrew from the Vineville Church as described above, claiming that by virtue of Section 22–5504 of the Georgia Code Annotated, which is said to be repugnant to the Constitution of the United States, the defendants are unlawfully depriving the plaintiffs of possession of the church property located at 2193 Vineville Avenue, Macon, Georgia, known as the Vineville Presbyterian Church. The statute complained of is as follows:

> The majority of those who adhere to its organization and doctrines represent the church. The withdrawal by one part of the congregation from the original body, or uniting with another church or denomination, is a relinquishment of all rights in the church abandoned.

The plaintiffs allege that this statute violates the first amendment to the Constitution of the United States with respect to religion. The plaintiffs seek a declaratory judgment that the above statute, and especially the first sentence thereof, is null, void, and unconstitutional and that defendants and all members of their class be enjoined from possess-

ing and exercising dominion over the Vineville Presbyterian Church building, appurtenances and other assets of the church.

Defendants filed a motion to dismiss plaintiffs' suit on the ground of lack of jurisdiction. They contend that they are not claiming under, nor relying on, Section 22–5504 of the Georgia Code for title and possession of the church property and that the statute is not involved in this controversy in any way. They contend further that the title and possession to this property must be decided according to the laws of the State of Georgia and that the proper forum for such litigation is a state court in that State; and that there is no Federal or constitutional question involved in the present suit.

■■ The District Court granted defendants' motion to dismiss on the ground that it lacked jurisdiction over plaintiffs' suit, saying that neither the plaintiffs nor the parent church have made any effort in the courts of the State of Georgia to evict the defendants from the church property. Furthermore, the court said that plaintiffs' complaint does not show an actual case or controversy as to the constitutionality of Section 22–5504 of the Georgia Code and that plaintiffs' allegations in that regard are merely anticipatory of a defense they think defendants will use if plaintiffs sue in a state court. The District Court correctly held that under Article III of the United States Constitution the jurisdiction of U.S. District Courts is limited to actual cases or controversies, citing O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), and that the court does not have jurisdiction of plaintiffs' complaint because it does not allege a case or controversy as to the Georgia statute. This is especially true in view of the fact that the defendants say they are not relying on the statute. Under these facts, there is no case or controversy involving the statute, and plaintiffs' allegations with reference thereto do not confer jurisdiction on the District Court to decide their complaint. Flast v. Cohen, 392 U.S. 83, 94, 88 S.Ct.

1942, 20 L.Ed.2d 947 (1968). There is no other Federal question in the case. Under these circumstances, we are not required to decide whether the Georgia statute is constitutional and we do not do so.

■ It is well settled that matters in anticipation or avoidance of possible defenses cannot be relied on to establish Federal question jurisdiction. Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); Huckins v. Duval County, 5 Cir. 1964, 286 F.2d 46; Shelby County v. Fairway Homes, Inc., 6 Cir. 1960, 285 F.2d 617; Burat v. Board of Levee Commissioners, etc., 5 Cir. 1974, 496 F.2d 1336, and 1 Moore Federal Practice, § 0.60 (8.–3).

■■ Simply stated, plaintiffs' case is essentially a suit for the title and possession of real estate. This is an action at law. White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578 (1930). Questions involving the title and possession of real estate must be decided under state law and in a state court if no Federal or constitutional question is involved. White v. Sparkill Realty Corp., *supra*; Johnson v. Byrd, 5 Cir. 1965, 354 F.2d 982, and Burat v. Board of Levee Commissioners, etc., *supra*. For example, *see* Brown v. Clark, 102 Tex. 323, 116 S.W. 360 (1909) (Title to Presbyterian church property), and Browning v. Burton, 273 S.W.2d 131 (Tex.Civ.App.1954), rehearing denied, error refused, no reversible error) (Title to Methodist church property.) There is no Federal or constitutional question in this case. It follows that the plaintiffs have filed their suit in the wrong court.

We conclude that the District Court's judgment dismissing plaintiffs' suit for lack of jurisdiction was correct.

■ We do not reach the question as to who has the right to occupy the church property or to preach from its pulpit. This is an ecclesiastical matter over which Federal courts have no jurisdiction. *See* Simpson v. Wells Lamont Corp., 5 Cir. 1975, 494 F.2d 490 (1975.) Neither do we decide who has title and

the right to possession of the church property, as we lack authority to do so in the present posture of this case. These matters are mentioned to aid the parties in case there is further litigation over this property in a state court.

The judgment of the District Court dismissing plaintiffs' complaint is affirmed without prejudice to an action at law by plaintiffs in a state court of competent jurisdiction should they elect to file such a suit.

Affirmed.