MCI COMMUNICATIONS
CORPORATION,
Plaintiff,

v.

Frank J. AMATO, Robert J. Andes, Ernest R. Buntin, Raymond V. Carlisle, Henry Kee Che, Nicholas Cicero, Joseph Cilenti, Paul L. Coriaty, Robert C. Davis, Ronald D'Elia, Robert DeForge, Ernest Ford, Anthony J. Gargiulo, Norman Goldman, Gerald Green, Joseph A. Gregurich, Thomas G. Harrington, Frank A. Larkin, Salvatore Lifari, David Mallon, Frank P. Manzione, Richard W. Phillips, Nicholas F. Rotolo, Bruce Rutherford, Thomas W. Smith, Arthur Tavenor, Eugene F. Tonissen, Felix Vales, Jr., and Leonard L. Wisniewski, Defendants.

No. 83 Civ. 2660 (JES).

United States District Court,
S.D. New York.

July 11, 1984.

hearing. The transcript of defendant's hearing amply demonstrates this court's compliance

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for plaintiff; Greg A. Danilow, Michael J. Dell, Curtis Johnson, New York City, of counsel.

Eisner & Levy, P.C., New York City, for defendants; Richard A. Levy, Fanette Pollack, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, MCI Communications Corporation ("MCI") commenced this action as a declaratory judgment action in Supreme Court, New York County. Defendants removed this action, and MCI has moved to remand. The Court heard oral argument of MCI's motion to remand on July 6, 1984, along with argument on motions to dismiss a related action, *Amato, et al. v. Western Union International, Inc., et al.*, 83 Civ. 2386 (JES).

with that rule.

## FACTS

By agreement dated January 15, 1982 ("Purchase and Sale Agreement"), MCI agreed through a subsidiary, Microwave Maintenance Corporation, to purchase from Xerox Corporation all of the issued and outstanding shares of capital stock of WUI, Inc. WUI, Inc. owned all of the capital stock of several subsidiaries, including Western Union International, Inc. ("Western Union"). Defendants are all individuals who were long-term employees of Western Union at the time of the Purchase and Sale Agreement and at all other relevant times and were participants in the Western Union International, Inc. Pension Plan. The Purchase and Sale Agreement stated that it was governed by New York law. Paragraph 8.12.

Paragraph 8.02 of the Purchase and Sale Agreement provides:

> *Employee benefits.* Each of M.C.I. and Purchaser agrees that, following the Closing, it shall take no action to reduce existing pension or other employee benefits of the Company's employees.

MCI's complaint in state court sought a declaration that paragraph 8.02 confers no rights on defendants because the employees referred to in paragraph 8.02 as defined in the Purchase and Sale Agreement are employees of WUI, Inc. and not of Western Union and because defendants are not third party beneficiaries of that provision of the Agreement. Defendants assert that the action was removable because it arises under federal law; MCI contends that its complaint merely seeks a declaration of rights under New York's common law principles of contract.

## DISCUSSION

█ Under the "well-pleaded complaint" rule, whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim ...." *Taylor v. Anderson,* 234 U.S. 74, 75, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). Applying that standard, it is clear that the action was improperly removed.

█ This conclusion is amply supported by the recent decision of the Supreme Court in *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In that case, state tax authorities sued for a judgment declaring that the state could levy against funds held in trust for the taxpayers under a vacation benefit plan covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1368 (1982) ("ERISA"). The Supreme Court held, based on the authority of *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), that the declaratory judgment action was not removable to federal court even though the complaint on its face arguably raised issues of federal law. Since plaintiff's action for a declaratory judgment in this case does not raise any issues of federal law, the Supreme Court's decision in *Franchise Tax Board* necessarily forecloses the exercise of removal jurisdiction.

Defendants argue that the action was properly removed because section 514 of ERISA, 29 U.S.C. § 1144, preempts all state laws relating to employee benefit plans and that MCI's complaint therefore contains "inherent federal questions." That argument lacks merit. "[A] case may not be removed to federal court on the basis of a federal defense, *including the defense of preemption....*" *Franchise Tax Board,* 103 S.Ct. at 2842 (emphasis added).

## CONCLUSION

In accordance with the foregoing, MCI's motion to remand this action to New York Supreme Court, New York County, is granted.

It is SO ORDERED.