**TOWN OF NORWOOD, Board of Selectmen of the Town of Norwood, Plaintiffs,**

v.

**ADAMS–RUSSELL CO., INC., Defendant.**

**Civ. A. No. 85–3632–G.**

United States District Court, D. Massachusetts.

Feb. 6, 1986.

Bruce A. Singal, Ferriter & Barna, Boston, Mass., for plaintiffs.

James C. Heigham, Choate, Hall & Stewart, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO REMAND

GARRITY, District Judge.

This action was commenced in Superior Court for Norfolk County, Massachusetts, by plaintiffs, the Town of Norwood ("Norwood") and the Board of Selectmen of the Town of Norwood (the "Board"). Plaintiffs sought preliminary injunctive and other relief from a cable television rate increase scheduled to take effect on September 1, 1985 by defendant Adams-Russell

Co., Inc. ("Adams-Russell"), the cable television licensee in Norwood. Plaintiffs' complaint stated claims for breach of the license agreement between the town and defendant and for violation of M.G.L. c. 93A, § 2. On August 30, 1985, the Norfolk Superior Court denied plaintiffs' request for a preliminary injunction and on September 1, 1985, the defendant's rate increase became effective. On September 16, 1985, defendant filed its answer asserting federal preemption as a defense. Defendant filed a petition to remove the action to federal district court on the ground that plaintiffs' action is subject to the original jurisdiction of the federal court pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1441(b). The petition was granted and the case now comes before the court on plaintiffs' motion to remand the case to Superior Court for Norfolk County on the ground that the action was removed "improvidently and without jurisdiction." 28 U.S.C. § 1447(c). A hearing was held on January 23, 1986. After reviewing the briefs and exhibits submitted by the parties, and considering the arguments made at the hearing, the court grants plaintiffs' motion to remand the case to the Superior Court for Norfolk County.

28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Defendant contends that this action falls within the original jurisdiction of the federal court because the "Expanded Cable Service" for which rates were increased is not "basic 'must-carry' service" and is thus subject to exclusive federal regulation under the Communications Act of 1934 as amended by the Cable Communications Policy Act of 1984 (47 U.S.C. 521 *et seq.*). 47 U.S.C. § 543(c) provides that for cable systems for which a franchise has been granted on or before December 29, 1984, the franchising authority may, for a two-year period ending on December 29, 1986, regulate the rates for basic cable service, including mul-

tiple tiers of basic service. Norwood maintains that the service at issue here is part of basic cable service and can be regulated locally until December 29, 1986. However, the court need not reach the question of whether defendant's "Expanded Cable Service" is basic or non-basic service because, even assuming the applicability of federal preemption, the case is not founded on any claim or right arising under the Constitution, treaties or laws of the United States.

The emergence of the "well pleaded complaint" rule has limited significantly the number of cases that can be initiated in or removed to federal district court. That rule provides that the court's original jurisdiction over a case "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Thus, in deciding for removal purposes, whether a case presents a federal claim or right, "a court is to ask whether a plaintiff's claim to relief rests upon a federal right, and the court is to look only to the plaintiff's complaint to find the answer." *Hernandez-Agosto v. Romero-Barcelo,* 1 Cir.1984, 748 F.2d 1, 2. Furthermore, even in cases in which neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense, the well-pleaded complaint rule serves to defeat removal. *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

██ Application of these principles to the instant action compels the conclusion that the case was removed improvidently and without jurisdiction and therefore must be remanded to Norfolk Superior Court. 28 U.S.C. § 1447(c). Plaintiffs' complaint is in two counts. Count 1 alleges that defendant breached its contractual license agreement with Norwood by increasing the

monthly rate for its "Expanded Cable Service" in violation of the agreement's two-year rate freeze provision. Count 2 alleges that the rate increase constitutes one or more unfair and/or deceptive acts or practices in violation of M.G.L. c. 93A, § 2. On its face, then, the complaint presents claims for relief based on state common and statutory law. Defendant argues that plaintiffs' right to relief necessarily depends on resolution of the substantial federal question of whether federal preemption renders the agreement's rate-freeze provision unenforceable. This court disagrees. A straightforward application of the well-pleaded complaint rule precludes original federal court jurisdiction. The rights under the license agreement which plaintiffs now seek to enforce are grounded in Massachusetts statutory law (see M.G.L. c. 93A, § 2; M.G.L. c. 166A, § 2–6) and the common law governing private contractual agreements. Federal law is not implicated as a necessary element of plaintiffs' well-pleaded state claims.

Furthermore, this is not a case in which plaintiffs have attempted to defeat removal by failing to plead necessary federal questions. Federal law becomes relevant only by way of a defense to an obligation created entirely by state law. The well-pleaded complaint rule was framed to deal with precisely such a situation. A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is the only question truly at issue in the case. *Franchise Tax Board, supra*, at 14, 103 S.Ct. at 2849.[1]

█ In reaching its decision, the court also relies on the absence of any federal cause of action available to plaintiffs to obtain the relief requested in the complaint. The unavailability of a federal remedy sharply undercuts defendant's assertion that the federal issue is inextricably part of plaintiffs' cause of action. Of course,

where state law claims are brought in an area that has been totally occupied by federal law, the issue of federal preemption is dispositive. For example, in *Avco Corp. v. Aero Lodge No. 735*, App. O.T. 1967, No. 445, pp. 2–9, an employer brought suit in state court against a union alleging simply that the union had violated the binding arbitration provision of its agreement with the employer. It was clear, however, that had the employer invoked it, there would have been a federal cause of action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Supreme Court held that although the employer had pleaded an adequate claim for relief under state law, the preemptive force of § 301 was so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. § 301 had expressly supplied the plaintiff in *Avco* with a federal cause of action to replace its preempted state contract claim and thus plaintiff's complaint, which came within the scope of the federal cause of action, necessarily arose under federal law. *See, Franchise Tax Board, supra*, at 23–24, 103 S.Ct. at 2853–54.

In the instant case, however, defendant has not pointed to, and the court has not found, any language in the Cable Communications Policy Act of 1984, 47 U.S.C. § 521 *et seq.*, which either creates or expressly denies any cause of action in favor of municipalities to enforce cable television licensing agreements. For that reason, plaintiffs' suit does not "arise under" that statute and therefore does not come within the original jurisdiction of the federal district courts. Accordingly, plaintiffs' motion to remand the case to Superior Court for Norfolk County is granted.

---

1. The absence of original jurisdiction does not deprive defendant of a federal forum in which a preemption defense may be heard. If the state court rejects the claim of federal preemption, that decision is reviewable on appeal by the United States Supreme Court. *Fidelity Federal Savings & Loan Ass'n v. De la Cuesta*, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).