**CONTEMPORARY ELECTRIC, INC., Petitioner,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 292, Respondent.**

**Civ. No. 3–86–191.**

United States District Court, D. Minnesota, Third Division.

June 27, 1986.

Bruce E. Martin, Petersen, Tews & Squires, St. Paul, Minn., for petitioner Contemporary Elec., Inc.

Connie L. Howard, and Stephen D. Gordon, Gordon, Miller & O'Brien, Minneapolis, Minn., for respondent Intern. Broth. of Elec. Workers, Local 292.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

The Motion to Remand now before the court is yet another round of litigation involving Say Electric, Inc. (Say), Contemporary Electric, Inc. (Contemporary), and the International Brotherhood of Electrical Workers, Local 292 (Local 292). This litigation has its roots in a grievance which Local 292 filed against Say under their collective bargaining agreement on October 2, 1984. Local 292 charged Say with "double breasting," that is, diverting work that was contractually guaranteed to Local 292 members to employees of a non-union company, Contemporary, which Lee Say, the President of Say, and his wife formed.[1] On December 4, 1984, the Labor-Management Committee acting under the collective bargaining agreement found that Say had violated the agreement and ordered it to cease double breasted operations and to compensate members of Local 292. On July 19, 1985, the decision of the Labor-Management Committee dated December 4, 1984 was confirmed and Say was ordered to abide by its terms. *Say Electric, Inc. v. International Brotherhood of Electrical Workers, Local 292*, Civil No. 4–85–384 (D.Minn. July 19, 1985) (Murphy, J.) [Available on WESTLAW, DCTU database].

On April 30, 1985, Local 292 filed another grievance against Say which alleged violations of the collective bargaining agreement through improperly subcontracting work to Contemporary or double breasting. On November 15, 1985, the Labor-Management Committee found that Say had not ceased the operation of Contemporary and that Say and/or Contemporary had continued to violate the collective bargaining agreement, and ordered that both Say and Contemporary compensate members of Local 292 for lost wages and fringe benefits. It should be noted that Contemporary was neither given notice of or made a party to the arbitration hearing of the Labor-Management Committee which resulted in this award.

On February 13, 1986, Say filed a Motion to Vacate the arbitration award dated November 15, 1985 of the Labor-Management Committee pursuant to 9 U.S.C. § 10 in the United States District Court for the District of Minnesota. *Say Electric, Inc. v. International Brotherhood of Electrical Workers, Local 292*, Civil No. 4–86–126 (D.Minn.) (assigned to Rosenbaum, J.). Local 292, on March 14, 1986, answered and asserted a counterclaim seeking to confirm the arbitration award dated November 15, 1985 and a third-party complaint against Contemporary seeking to have Contemporary bound by the arbitration award as an alter ego of Say. On February 14, 1986, Contemporary commenced by service on Local 292 a Motion For Modification of Arbitration Award pursuant to Minn.Stat. § 572.20 in the Minnesota District Court for Hennepin County. Local 292 removed this state action to modify to the United States District Court for the District of Minnesota on March 6, 1986. *Contemporary Electric, Inc. v. International Brotherhood of Electrical Workers, Local 292*, Civil No. 3–86–191 (D.Minn.) (assigned to Magnuson, J.). The matter now before the court is the Motion to Remand of Contemporary.

The defendant or defendants in any civil action brought in a state court may remove the action, unless Congress provides otherwise, to the United States District Court for the district and division in which the action is pending if the action could have been brought originally in the United States District Court. 28 U.S.C. § 1441(a).[2]

---

1. Contemporary asserts that in February 1985 David Gee and Peter Jacobson acquired all of the shares of Say from Lee Say and/or members of his family and assumed complete responsibility for the management and operation of Contemporary.

2. Section 1441(a) provides that:

Any such civil action arising under the Constitution, treaties, or laws of the United States is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b).[3] Any other such action is removable only if none of the parties in interest, which have been properly joined and served as defendants, is a citizen of the state in which the action is brought. *Id.* If, however, it appears at any time before final judgment that the case was removed improvidently and without jurisdiction, the district court must remand the case. 28 U.S.C. § 1447(c).[4]

Contemporary contends that the removal of its action from state court is proper only if that action arises under the Constitution, treaties, or laws of the United States.[5] Contemporary believes that its action in state court, a Motion for Modification of Arbitration Award, does not arise under the Constitution, treaties, or laws of the United States. Rather, Contemporary points out that its action is specifically brought under a Minnesota statute, Minn.

Stat. § 572.20.[6] Contemporary explains that its decision to proceed in state court under Minn.Stat. § 572.20 was quite deliberate in that Contemporary believed that, as one not a party to the arbitration proceedings, it could seek relief from the arbitration award only through modification as provided to a non-party in Minn.Stat. § 572.20, subd. 1(2). Contemporary believed that, because it was not a party to the arbitration proceedings, it lacked standing to move to vacate the arbitration award in state court under Minn.Stat. § 572.19 or to move to vacate or modify the arbitration award in federal court under 9 U.S.C. §§ 10 and 11. Consequently, Contemporary brought its motion to modify the arbitration award in state court under state law. Contemporary contends, as a result, that its action arises under state law, not the Constitution, treaties, or laws of the United States, and was improvidently removed. Contemporary concludes that this action should be remanded to state court as hav-

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3. Section 1441(b) provides that:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

4. Section 1447(c) provides that:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

5. Contemporary and Local 292 admit that they are not diverse parties and, therefore, the propriety of the removal of this action depends on whether this action arises under the Constitution, treaties, or laws of the United States.

6. Section 572.20 provides that:

Subdivision 1. Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Subd. 2. If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

. Subd. 3. An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

Minn.Stat. § 572.20.

ing been removed improvidently and without jurisdiction.

Local 292 contends, on the other hand, that this action was properly removed from state court because this action arises under federal law. Local 292 believes that this action arises under § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185, because it involves the violation of a collective bargaining agreement between an employer, Contemporary, by virtue of its relationship with Say, and a labor organization, Local 292. Local 292 contends that Contemporary "artfully pleaded" its state court action to avoid federal jurisdiction. Such artful pleading, according to Local 292, cannot prevent the court from having jurisdiction over the federal labor law question of whether Contemporary and Say are sufficiently related to justify treatment as an alter ego/single employer which would bind both of them to the collective bargaining agreement with Local 292. The key issue for Local 292 in this action, be it in state or federal court, is whether Contemporary is an alter ego of Say or, alternatively, whether Contemporary and Say are a single employer which would be bound by the collective bargaining agreement between Say and Local 292. Local 292 believes that, because this action involves a collective bargaining agreement and the liability of Contemporary under the collective bargaining agreement, this action arises under federal law and was properly removed. Local 292 concludes that this action should not be remanded.

The issue before the court in this case is the propriety of removal which turns on whether this action falls within the original "federal question" jurisdiction of the district court.[7] Under the "well-pleaded complaint" rule,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)).

Although " 'the party who brings a suit is master to decide what law he will rely upon', it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.,* 463 U.S. at 22, 103 S.Ct. at 2853 (quotation and citation omitted). A case may not be removed to federal court as "arising under" on the basis of a federal defense, but "[a] case might still 'arise under' the laws of the United States if a well-pleaded complaint establishe[s] that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. at 2848. "For better or worse, under the present statutory scheme [28 U.S.C. § 1441] as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Id.* at 10, 103 S.Ct. at 2847 (footnote omitted). That is, the district court has "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 27–28, 103 S.Ct. at 2855–2856.

A review of the Motion for Modification of Arbitration Award of Contemporary, which is the functional equivalent of a complaint in this action, reveals that Contemporary sets forth but one cause of action.

7. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

This cause of action expressly refers to Minn.Stat. § 572.20 and seeks to modify the arbitration award dated November 15, 1985 by striking any references in the arbitration award to a Contemporary violation of the collective bargaining agreement to which the arbitration award refers and to the liability of Contemporary for damages awarded. Contemporary seeks to modify the arbitration award on the grounds that: Local 292 brought the grievance dated April 30, 1985, which was the subject of the arbitration award, against Say, not Contemporary; the grievance dated April 30, 1985 alleged that Say, not Contemporary, violated the collective bargaining agreement; Contemporary is not a signatory or party to the collective bargaining agreement to which the grievance and arbitration award refer; and Contemporary was not given notice of or made a party to, and, consequently, did not participate in the arbitration hearing which resulted in the arbitration award. Contemporary believes that, in light of these grounds, the arbitrators awarded upon a matter not submitted to them and the award should be modified. As is clear from the well-pleaded Motion for Modification of Arbitration Award of Contemporary, state law creates the cause of action and original federal jurisdiction, and with it removal, is unavailable unless it appears that the right of Contemporary to relief necessarily depends on the resolution of a substantial question of federal law.

The court is convinced that the right of Contemporary to the relief of modification of the arbitration award which it seeks does not necessarily depend on the resolution of a substantial question of federal law and, therefore, does not "arise under" the laws of the United States. Contemporary seeks to modify under Minn.Stat. § 572.20 an arbitration award made in response to a grievance filed pursuant to a collective bargaining agreement between an employer, Say, and a labor organization, Local 292. Although the arbitration award involved in this action was made pursuant to a collective bargaining agreement within the purview of § 301 of LMRA, 29 U.S.C. § 185, the modification motion of Contemporary

does not necessarily depend on a resolution of a federal question under § 301 of LMRA. The issue in this well-pleaded motion is whether Contemporary, a non-party to the arbitration hearing, is entitled to modification of the arbitration award. This issue in and of itself may be resolved on any number of grounds completely unrelated to federal law. The court is not unmindful of the contention of Local 292 that at the heart of this matter is the issue of whether Contemporary is an alter ego of Say or, alternatively, whether Contemporary and Say are a single employer. Yet, the court believes that the connection between the well-pleaded cause of action of Contemporary to modify the arbitration award and the alter ego or single employer contention of Local 292 is too attenuated a basis upon which to find that this cause of action "arises under" § 301 of LMRA. The most that can be said in this case is that a question of federal law may be lurking in the background of this state action to modify. That a federal question may be lurking in the background of this cause of action under state law does not mean that this action necessarily depends on its resolution or "arises under" the laws of the United States.

Particularly telling in this regard is the posture of the parties in this action. Contemporary was not a party to the collective bargaining agreement pursuant to which the grievance was filed. That collective bargaining agreement was between Say and Local 292. Contemporary was not named in the grievance which was the subject of the arbitration hearing. Local 292 named only Say in the grievance. Contemporary was not given notice of or made a party to the arbitration hearing which produced the arbitration award. Only Local 292 and Say were given notice of and made parties to the arbitration hearing. Nonetheless, the arbitration award found that Contemporary as well as Say was liable for damages resulting from a violation of the collective bargaining agreement with Local 292. Contemporary, therefore, found itself in a rather awkward position. It was

found to be a party liable for damages under an arbitration award to which it was not a party, pursuant to a grievance in which it was not named, under a collective bargaining agreement it never signed. The only means by which Contemporary as a non-party could challenge the arbitration award was a motion for modification under state law. *See* Minn.Stat. § 572.20. Contemporary could not move to vacate the arbitration award under state law because it was not a party to the arbitration. *See* Minn.Stat. § 572.19. For the same reason, Contemporary could not move to vacate, modify, or correct the arbitration award under federal law. *See* 9 U.S.C. §§ 10 and 11. Clearly, the well-pleaded motion for modification of Contemporary did not "arise under" the laws of the United States. And now to say that this motion for modification depends necessarily on a question of federal law—whether Contemporary is the alter ego of Say or, alternatively, whether Contemporary and Say are a single employer—and, therefore, "arises under" is to turn the matter on its head. The issue at the heart of the motion for modification of Contemporary under state law is two-fold: (1) whether the arbitrators awarded upon a matter not submitted to them and (2) whether the award may be corrected without affecting the merits of the decision upon the issues submitted. Resolution of this issue does not depend necessarily on the resolution of a substantial, disputed question of federal law. The cause of action of Contemporary simply does not "arise under" the laws of the United States.

A review of the well-pleaded Motion for Modification of Arbitration Award of Contemporary clearly reveals that state law creates the cause of action (and, in fact, provides Contemporary with the only relief possible as a non-party to the arbitration) and that the right of Contemporary to the relief under state law does not require resolution of a substantial, disputed question of federal law. Consequently, the cause of action in the well-pleaded Motion for Modification of Arbitration Award of Contemporary does not "arise under" the laws of the United States and is not within the original "federal question" jurisdiction of the district court. Because this cause of action presents neither a controversy between citizens of different States nor a federal question, the district court would not have original jurisdiction over the action and the action could not be removed pursuant to 28 U.S.C. § 1441. This action was, therefore, removed improvidently and without jurisdiction and must be remanded.[8]

Accordingly, IT IS ORDERED that:

The Motion to Remand of petitioner Contemporary Electric, Inc. be granted and this case be remanded to the District Court of Hennepin County, Minnesota.

---

8. The court is not unaware that the remand of this action may well subject the parties to contemporaneous, related litigation in both state and federal court. This result is unfortunate, yet unavoidable given that the court is without power to entertain the lawsuit on removal where original jurisdiction is lacking. The court, however, does not share the fear, which Local 292 expresses, concerning the possibility of inconsistent determinations on any alter ego/single employer issue involving Contemporary and Say vis-a-vis Local 292. The court believes that the possibility of inconsistent determinations is remote for at least three reasons. First, the parties can always agree to stay one of the cases pending resolution of the other and agree to be bound by determinations of mutual issues which they fully litigate in that case. Second, the resolution of the remanded case in all likelihood will not require a determination of the alter ego/single employer issue. Finally, it remains an open question whether the alter ego/single employer issue can even be addressed in the context of a motion to vacate, modify, or correct an arbitration award. *See Orion Shipping & Trading Co. v. Eastern States Petroleum Corp.*, 312 F.2d 299, 301 (2d Cir. 1963). Consequently, while remand of this action may prove inconvenient, it will not be unmanageable.