Joseph J. GOLUBAN, Plaintiff,

v.

**RIVERVIEW COMMUNITY SCHOOL
DISTRICT, Defendant.**

Civ. A. No. 87–CV–73327–DT.

United States District Court,
E.D. Michigan, S.D.

Feb. 17, 1988.

David A. Sims, Woodhaven, Mich., for plaintiff.

Charles E. Wycoff, Riverview, Mich., for defendant.

## OPINION AND ORDER OF REMAND

DUGGAN, District Judge.

Plaintiff filed the present action pursuant to Michigan's Freedom of Information Act. ["FOIA"] M.C.L. § 15.231 et seq., seeking the names and addresses of parents of children in elementary school in the Riverview Community School District. Plaintiff's complaint, originally filed in Wayne County Circuit Court, was removed to this Court by defendant Riverview Community School District on September 10, 1987, on the basis of federal question jurisdiction. Defendant asserts in its Petition for Removal that disclosure of the requested information is prohibited under the Federal Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g. Because the resolution of plaintiff's claim requires the application of federal law, defendant argues that plaintiff's claim is founded upon a claim or right "arising under" the laws of the United States and is therefore one that may be removed pursuant to 28 U.S.C. § 1441(a).

An action brought initially in state court may be removed to federal district court pursuant to 28 U.S.C. § 1441(a) if it is an action which could have been brought originally in federal district court. Under 28 U.S.C. § 1447(c), if at any time before final judgment it appears that the case was not within the original jurisdiction of the court and therefore not properly removable, the district court must remand the case. *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern Cali-*

*fornia,* 463 U.S. 1, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983).

■ Defendant in the present case asserts that plaintiff's action could have originally been filed in federal court pursuant to 28 U.S.C. § 1331(a) which provides that: "[t]he district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs and arises under the Constitution, laws, or treaties of the United States."

To determine whether a civil action "arises under" federal law for purposes of § 1331, courts look to "what necessarily appears in the plaintiff's statement of his own claim in the plaintiff's bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Board,* 103 S.Ct. at 2846 (*quoting Taylor v. Anderson,* 234 U.S. 74, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)). This "well-pleaded complaint" rule limits a court's inquiry to the source of the law upon which the plaintiff's claim is based (i.e. whether federal or state) and not on the federal nature of any defenses which the defendant may interpose nor on any federal laws that the plaintiff may assert in anticipation of the defendant's defense to the plaintiff's state-law claims:

> For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

*Franchise Tax Board,* 103 S.Ct. at 2846.

■ Under the "well-pleaded complaint" rule, a cause of action does not arise under federal law even where the defendant's obligation under state law as well as the defendant's failure to comply with state law are not in dispute and the only question in dispute is the defendant's federal preemption defense:

> As we said in *Gully:*
> "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Id.,* at 116, 57 S.Ct., at 99.

*Franchise Tax Board* at 2848.

■ In the present case, plaintiff's complaint sets forth two causes of action under the Michigan Freedom of Information Act. M.C.L. § 15.231 *et seq.,* as amended. Plaintiff's first cause of action is based on the alleged failure of defendant to comply with plaintiff's request for a list of the parents (by school) of elementary school children in the Riverview Community School District. Plaintiff's second cause of action is based on defendant's failure to provide plaintiff with notice of plaintiff's right to seek judicial review of defendant's denial as required by M.C.L. § 15.235(4)(d). Nowhere in plaintiff's complaint is there any mention of any federal law upon which plaintiff seeks to base his claim; nor does it appear that plaintiff's action under the FOIA requires resolution of any disputed issues of federal law as a necessary element of plaintiff's claims or that plaintiff's claim "is 'really' one of federal law." *Franchise Tax Board,* 103 S.Ct. at 2848.

Accepting for the moment defendant's proposition that federal law prohibits the disclosure of the requested information, a defense based upon federal law does not transform an otherwise state-created cause of action into a case "arising under" federal law. Because this case does not "arise under" federal law, it could not have been filed originally in federal court. Under 28 U.S.C. § 1441(a), a case filed in state court may only be removed to federal court if it could have been filed originally in federal court. Absent both diversity of citizenship and the presence of a federal question, this case should not have been removed to this court. Under 28 U.S.C. § 1447(c), this Court is required to remand this case to the state court from which it was removed.

Now therefore, for the reasons indicated,

IT IS HEREBY ORDERED that this case be and the same is hereby REMANDED to the Circuit Court for the County of Wayne.