883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRANSAMERICA INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,
v.
DETROIT CARPENTERS HEALTH AND WELFARE FUND, Iron Workers
Health Fund, Trustees of the Operating Engineers,
Local 324 Health Care Plan, Defendants-Appellees.
 Nos. 88-1853, 88-1856, 88-1857 and 89-1275.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before RALPH B. GUY, Jr., and RYAN, Circuit Judges, and DAVID D. DOWD, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 In these four cases which have been consolidated for appeal, Transamerica Insurance Company ("Transamerica") appeals the orders of the district court granting summary judgment, respectively, to the Detroit Carpenters Health and Welfare Fund, the Iron Workers Health Fund, the Trustees of the Operating Engineers, and, in two of the appeals, the Trustees of the Operating Engineers, Local 324 Health Care Plan (collectively "defendants"). Because we conclude that the district court lacked jurisdiction to consider this suit, we vacate its judgment and remand with instructions that the cases be remanded to the 63rd District Court of Kent County, Michigan.
 
 I.
 
 2
 In each of these cases, an individual who had purchased Michigan No-Fault Automobile Insurance from Transamerica suffered injuries and incurred medical expenses as the result of an automobile accident. Each was also covered by a general health and medical plan issued by one of the defendants, and each individual had elected, under an option afforded by state law, Mich.Comp.Laws Sec. 500.3109a, to coordinate his or her no-fault coverage with the health and accident coverage provided by defendants. Each defendant is a fully self-insured employee welfare benefit plan as defined by Sec. 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. Sec. 1002(1) (Supp.1988). The defendants' health and accident policies all specifically exclude coverage for claims arising from automobile accidents.
 
 
 3
 Transamerica, pursuant to the no-fault policies, has paid all of the medical expenses incurred by each individual as a result of the automobile accident. However, it filed a complaint in the 63rd Judicial District Court in Kent County, Michigan against each defendant seeking reimbursement for all medical expenses paid on behalf of the individuals. Defendants all removed to the District Court for the Western District of Michigan, and the case was thereafter transferred to the Eastern District. All parties subsequently filed motions for summary judgment.
 
 
 4
 Transamerica contended that it was entitled to subrogation for the expenses it incurred on behalf of the individual insureds because Mich.Comp.Laws Sec. 500.3109a (1983), as interpreted by the Michigan Supreme Court in Federal Kemper v. Health Insurance Administration, Inc., 424 Mich. 537 (1986), required the court to disregard defendants' exclusions. Section 3109a requires no-fault insurers to provide insureds with the option of coordinating their no-fault insurance with other health and accident coverage. Defendants responded that Federal Kemper and its progeny do not require health and accident carriers to assume the risk of liability resulting from automobile accidents when their policy specifically excludes such coverage. Defendants also argued that even if Federal Kemper does require that the exclusion clause be disregarded, such an application to defendants is preempted by ERISA.
 
 
 5
 The district court concluded that Sec. 3109a, as interpreted by Federal Kemper, does not apply to the case at bar because, in that case, "there was no specific exclusion, no exclusion like we have here, and there is nothing in the law that I know of that says parties cannot specifically provide for exclusion of certain types of benefits...." The court therefore entered orders granting summary judgment to defendants.[1] This appeal followed.
 
 II.
 
 6
 Although neither the parties nor the district court have considered the question of the district court's subject matter jurisdiction, this court must initially address it "because the issue of subject matter jurisdiction is threshold to the court's authority to invoke its jurisdiction to proceed with an action. Subject matter jurisdiction may be contested at any and all stages of the proceedings, even after judgment and may be addressed by the court sua sponte." Stone v. William Beaumont Hospital, 782 F.2d 609, 613 n. 3 (6th Cir.1986).
 
 
 7
 Because all of the parties are citizens of Michigan, and in any event, the amount at issue in each appeal is well below $10,000, the only possible basis for jurisdiction would be a finding that the ERISA pre-emption claim raised by defendants presents a federal question. Congress has granted the federal courts jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. Sec. 1331 (Supp.1989). Although this language mirrors that found in article III, Sec. 2 of the Constitution, the Supreme Court has "long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 807 (1986).
 
 
 8
 The Supreme Court has developed the so-called "well-pleaded complaint" rule as a means of determining when a claim "arises under" federal law. " 'Whether a case is one arising under the Constitution or a law or treaty of the United States ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' " Franchise Tax Board v. Construction Laborers Vacation Trust of Southern California, 463 U.S. 1, 10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). It follows that
 
 
 9
 [a] defense that raises a federal question is inadequate to confer federal jurisdiction. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908). Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. Sec. 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint."
 
 
 10
 Merrell Dow, 478 U.S. at 808.
 
 
 11
 It is clear that Transamerica's complaint in the case at bar does not present a federal question. It merely alleges a state law action for subrogation. The federal question arises only as defense; defendants claim, inter alia, that Transamerica may not maintain its action against them because ERISA preempts Sec. 3109a as applied to them. The Supreme Court addressed a nearly identical situation in Franchise Tax Board. There, California taxing authorities sued an ERISA plan in state court seeking recovery of unpaid state income taxes, and the ERISA plan removed the case to federal court, claiming that the application of the tax to the plan was preempted by ERISA. The Court concluded that the district court lacked jurisdiction to hear the case under the "well-pleaded complaint" rule because "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." 463 U.S. at 14 (emphasis added).[2]
 
 
 12
 We hold that the district court lacked subject matter jurisdiction to hear this case. Its judgment is therefore VACATED and the case is REMANDED to the district court with instructions that it be remanded to the 63rd Judicial District Court of Kent County, Michigan.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The district court's opinion, quoted above, actually applied only to Nos. 88-1853, 88-1856, and 88-1857. The appeal in No. 89-1275 involves the same parties as No. 88-1857, but pertains to a different individual insured. It was heard by the district court three months after the hearing in the other three cases. Because No. 89-1275 involved the same parties and issues as No. 88-1857, the district court granted summary judgment to defendant on the ground of res judicata
 
 
 [2]
 We recognize that the Supreme Court has indicated that "Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character" for federal jurisdiction purposes. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). In Metropolitan, the Court, relying on clearly manifested Congressional intent, recharacterized a state law complaint to recover employee benefit plan benefits, as displaced by ERISA's civil enforcement provision, section 502(a)(1)(B), 29 U.S.C. Sec. 1132(a)(1)(B), so as to permit removal of the complaint from state court to federal court under 28 U.S.C. Sec. 1441(b). When, as here, Congress has not clearly manifested an intent to make a particular cause of action removable to federal court, "the prudent course for a federal court ... [is] to remand the case to state court." Id. at 68 (Brennan and Marshall, J.J., concurring)