**NORTHWESTERN ENERGY, LLC, a division of Northwestern Corporation, a Delaware Corporation, Plaintiff–Appellee,**

v.

**Arvilla PLAIN BULL, Defendant–Appellant.**

No. 05–35639.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed March 6, 2007.

Wayne W. Harper, Montana Power Company–Legal Department, Butte, MT, Darrel L. Moss, Esq., Sullivan, Tabaracci

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

& Rhoades, Missoula, MT, for Plaintiff–Appellee.

D. Michael Eakin, Esq., Montana Legal Services Associates, Billings, MT, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges, and EZRA,** District Judge.

### MEMORANDUM ***

 The district court's denial of Arvilla Plain Bull's motion to dismiss is a final appealable order that we have jurisdiction to review. *See* 28 U.S.C. § 1291. We construe Plain Bull's motion to dismiss under Federal Rule of Civil Procedure 12(h)(3) as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.1983) (holding that a post-judgment motion will be construed, however styled, "to be the type proper for the relief requested"). Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a *final* judgment ... [if] the judgment is void." (Emphasis added). A judgment is void if the court that considered it lacked subject matter jurisdiction. *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985). Northwestern Energy's argument that this is an impermissible collateral attack on a final judgment lacks merit. *See id.* at 410 (rejecting a similar argument and stating that "[r]es judicata does not preclude a litigant from making a direct attack [under Rule 60(b)] upon the judgment before the court which rendered it." (second alteration in original; internal quotation marks omitted)).

The district court erred in failing to vacate the default judgment for want of subject matter jurisdiction. "[A] plaintiff asserting a right to possession of allotted land cannot rest its right to relief (or its basis for federal jurisdiction) on the bare fact that one of the parties to it has derived its title under an act of Congress authorizing leases of Indian owned-property." *San Xavier Dev. Auth. v. Charles*, 237 F.3d 1149, 1154 (9th Cir.2001) (discussing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), and *Taylor v. Anderson*, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). Northwestern Energy obtained its title pursuant to 25 U.S.C. § 323. However, based on the record before us, the dispute appears to be over the scope of the easement, not its existence. Because Northwestern Energy failed to assert a substantial federal question sufficient to establish federal subject matter jurisdiction, we must vacate the default judgment. Accordingly, we remand to the district court with instructions to dismiss Northwestern Energy's complaint without prejudice. Northwestern Energy may pursue its claim to enforce its easement in tribal court. *See Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1131–32, 1140 (9th Cir.2006) (en banc).

Costs are awarded to Appellant.

**VACATED and REMANDED.**

---

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.