**HEALTHTEK SOLUTIONS, INC., Plaintiff,**

v.

**FORTIS BENEFITS INSURANCE COMPANY Defendant.**

**No. CIV.A. 2:03CV203.**

United States District Court, E.D. Virginia, Norfolk Division.

May 19, 2003.

Michael Bruce Ware, Leonard Claro Heath, Jr., Jones Blechman Woltz & Kelly PC, Newport News, VA, for Plaintiff.

Robert Barnes Delano, Jr., Sands Anderson Marks & Miller PC, Richmond, VA, for Defendant.

## *ORDER*

JACKSON, District Judge.

Presently before the Court are the Defendant's Motion to Dismiss and the Plaintiff's Motion to Remand. In its Motion to Dismiss, Fortis Benefits Insurance Company [1] ("Fortis") argues that the Plaintiff's claims are preempted by the Employment Retirement Income Security Act

---

1. Pursuant to an agreed to order, the complaint was amended to substitute Fortis Benefits Insurance Company as the proper party defendant instead of Fortis Insurance Company.

("ERISA") and that the Plaintiff lacks standing to sue under ERISA. In its Motion to Remand, Healthtek Solutions, Inc. ("Healthtek") argues that federal subject matter jurisdiction is lacking and that removal was improper. For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction and, therefore, will grant the Plaintiff's Motion to Remand. As the Court lacks jurisdiction, it does not reach the merits of the Defendant's Motion to Dismiss.

## I.

### Factual and Procedural Background

Healthtek is a small employer that contracted with Fortis to provide group health insurance to Healthtek's employees. Healthtek renewed the contract for group accident and sickness insurance with Fortis in September of 2002 for a period of one year. The contract required Healthtek to pay premiums to Fortis on a monthly basis. On December 9, 2002, Healthtek learned from a third party that claims submitted by Healthtek employees were being denied. On the same day, Healthtek contacted Fortis and was advised by Fortis that the policy had been terminated with no chance of reinstatement. Upon investigation, Healthtek discovered that the November premium had not been mailed to Fortis due to a change in personnel in the Healhtek accounting department.

On December 10, 2002, Healthtek sent a check for the full November premium to Fortis via overnight mail. On December 16, 2002, Fortis cashed Healthtek's check for the November premium. Fortis notified Healthtek by letter dated December 20, 2002, sent via fascimile that Fortis would no longer provide group health insurance coverage for Healthtek's employees and that the policy was terminated "retroactive" to November 1, 2002. On December 23, 2002, Healthtek received from Fortis a letter dated December 13,

2002, in which Fortis notified Healthtek that it would not "reinstate" the group accident and sickness insurance policy. Enclosed with the letter was a notice dated November 8, 2002, prepared by Fortis notifying Healthtek that the November premium was past due and that the premium must be paid with 31 days after the due date or coverage would terminate. Healthtek claims that the November 8, 2002, notice was not delivered to Healthtek until it received it as an enclosure with the December 23, 2002, letter.

In September, 2002, one of Healthtek's employees was diagnosed with cancer. The employee was a member of the Fortis plan. In November, 2002, a spouse of a Healthtek employee had knee replacement surgery. The spouse was allegedly covered under the Fortis plan. Healthtek claims that it is paying or has paid the sickness and accident claims of its employees covered by the Fortis policy for November and December of 2002.

Healthtek filed a Bill for Declaratory Judgment and Other Relief (hereinafter "Complaint") against Fortis in the Circuit Court for the City of Norfolk, Virginia on February 7, 2003. The complaint contained three counts. In Count One, Healthtek asked for a declaratory judgment regarding the effective dates of coverage of Healthtek employees under the Fortis group insurance policy. Healthtek claimed that the termination of Healthtek's group insurance policy was made in bad faith and in violation of Virginia state law. Healthtek plead violations of two specific provisions of Virginia state law in Count One. Healthtek alleged that Fortis violated Virginia Code § 38.2–3527, which requires that every group accident and sickness insurance policy entitle the policy owner to a grace period of not less than thirty-one days. Healthtek alleged that Fortis violated Virginia Code § 38.2–3542, which re-

quires that an insurer continue coverage under a group accident and sickness insurance policy until the employer is provided with written notice of termination that includes a specific date of termination not less than fifteen days from the date of such notice. In paragraphs 38 and 39 of Count One, Healthtek claimed that Fortis also violated the Health Insurance Portability and Accountability Act ("HIPAA"), 29 U.S.C. § 1182.

In Count Two of the Complaint, the Plaintiff alleged that Fortis had breached its contract with Healthtek. In support, Healthtek relied on Virginia Code § 38.2–3526, which requires that insurance policies contain the "standard provisions" contained in the Virginia insurance statutes. The Plaintiff claimed that these "standard provisions" included the previously mentioned state statutes relating to the thirty-one day grace period and written notice of termination requirement. Healthtek claimed that it did not have an adequate remedy at law and asked the Court to order Fortis to specifically perform its obligations under the policy.

In Count Three of the Complaint, the Plaintiff alleged that Fortis's denial of coverage under the policy was a failure to act in good faith. The Plaintiff asked the Court to award Healthtek attorney's fees pursuant to Virginia Code § 38.2–209, which allows an insured individual to recover attorney's fees during a declaratory judgment action against the insurer to determine coverage.

On March 14, 2003, Fortis removed the case to this Court pursuant to 28 U.S.C. § 1441. Fortis claimed that removal was appropriate because the court had original jurisdiction as the case presented a federal question as provided in 28 U.S.C. § 1331. Specifically, Fortis claimed that Plaintiff's claims regarding the administration of the Fortis plan are governed by ERISA. Fortis further claimed that the claims are preempted by ERISA and that the question of preemption provided the grounds for removal.

Fortis filed a Motion to Dismiss on March 18, 2003. In its Motion, Fortis alleged that dismissal was proper for the following three reasons: (1) the Plaintiff alleged only state law causes of action that were preempted by ERISA, (2) the Plaintiff lacked standing to make any claims under ERISA, and (3) the Defendant was not a proper party defendant. In its preemption analysis, Fortis claimed that the group accident and sickness policy provided to Healthtek employees constitutes an employee welfare benefit plan governed by ERISA. As such, Fortis argued that the Plaintiff's claims were preempted because all state laws that "relate to" employee welfare benefit plans are preempted by ERISA. In its second justification for dismissal, Fortis argued that the Plaintiff lacks standing to make any claims under ERISA because employers are precluded from bringing suit under any of the civil enforcement provisions of ERISA.

On March 31, 2003, Healthtek filed its Brief in Opposition to Motion to Dismiss. In its brief, Healthtek argued that its claims were not preempted because ERISA explicitly includes a savings clause that precludes preemption for any law of any State that regulates insurance. The Plaintiff argued that its claims were premised on the Virginia Code sections cited in its complaint and that each of these provisions was saved from preemption because it regulates insurance. The Plaintiff further argued that it would have standing to sue under ERISA if its claims were converted to ERISA claims due to preemption. The Plaintiff has conceded that the Fortis group health insurance plan is, in fact, an employee welfare benefit plan governed by ERISA. The Plaintiff also has

conceded that the causes of action pled in its complaint "relate to" an ERISA plan.

On April 16, 2003, Healthtek filed its Motion for Remand with accompanying brief in support thereof. Healthtek stated that its claims were based on Virginia statutory law regulating insurance and were, therefore, exempted from preemption by ERISA's savings clause. Since the claims are not preempted, Healthtek argued, there was no federal question and removal was improper. Later in its brief, Healthtek concedes that it is not the proper party to bring suit under § 1132(a) for benefits but claims that it is not suing for benefits.

On April 28, 2003, Fortis filed its Brief in Opposition to Motion to Remand. In its opposition brief, Fortis pointed the Court to several provisions in the Certificate of Group Medical Insurance ("Certificate"). The Certificate was issued by Fortis to Healthtek employees, and a copy was included as an exhibit in Fortis's Notice of Removal. Pertinent to this decision, the Certificate included the following provisions:

### Authority

*We have the sole discretionary authority* to determine the eligibility for participation or benefits and to interpret the terms of the policy. All determinations and interpretations made by us are conclusive and binding on *all parties.*

 \* \* \* \* \* \*

### Plan Administrator

The *plan administrator is usually your participating employer. The plan administrator delegates to us the authority, responsibility, and discretion* to determine all questions regarding eligibility for coverage and benefit adjudications under the policy, and to interpret and construe the terms and provisions of the policy.... The construction, interpretation, or determination of the policy and its terms by us

shall be final and binding on all parties.

Fortis Benefits Insurance Company Certificate of Group Health Insurance, Attached as Exhibit 5 of Fortis's Exhibits in Support of Notice of Removal (emphasis added). Fortis then argued that removal was appropriate for two reasons. First, Healthtek specifically alleged violations of HIPAA in its complaint. Second, Plaintiff's claims are completely preempted and, thus, the state claims are converted to federal claims. On April 30, 2003, the Plaintiff filed a rebuttal brief in which it argued that there was no federal question regarding HIPAA in its complaint and that Healthtek's state law claims were not completely preempted.

As both the Plaintiff's Motion to Remand and the Defendant's Motion to Dismiss have been fully briefed, the motions are ripe for judicial determination.

## II.

### Legal Standard

A case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447. The party that removed the action from state court bears the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Removal jurisdiction raises significant federalism concerns and, therefore, should be strictly construed. *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). Federal courts must resolve any doubts regarding federal jurisdiction in favor of remanding to the state court. *Id.*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defen-

dant. Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As there is no allegation of diversity by the parties, the propriety of removal in this case rests on whether federal question jurisdiction is conferred on the court by 28 U.S.C. § 1331. Section 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. 1331.

 The determination of whether a claim "arises under" federal law is made in reference to the well-pleaded complaint rule. *Wagner v. Regent Investments, Inc.*, 903 F.Supp. 966, 969 (E.D.Va.1995). Under the well-pleaded complaint rule, a case does not arise under federal law unless the federal question necessarily appears in the plaintiff's statement of his claim. *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). "Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case. That said, the Supreme Court has recognized a corollary to the well-pleaded complaint rule known as the complete preemption doctrine." *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir.1998). "Complete preemption" is an exception to the well-pleaded complaint rule where the "preempted state-law claim falls within the scope of the exclusive civil enforcement mechanism of § 502 [ERISA, 29 U.S.C. § 1132], in which case the state-law claim is converted into a federal cause of action removable to federal court." *Marks v. Watters*, 322 F.3d 316, 323 (4th Cir.2003). Thus, even if a Plaintiff pleads only state law causes of action, a federal court can decide that the suit is "completely preempted" by ERISA and convert it into a federal cause of action, thereby, providing federal jurisdiction.

## III.

## Analysis

Fortis claims that removal of this case was proper for two reasons: (1) the Plaintiff's complaint specifically mentions HIPAA, which is a federal law, and (2) the Plaintiff's claims are completely preempted by ERISA. The Court will address each argument in turn.

### A. Does the Mention of HIPAA in Plaintiff's Complaint Confer Jurisdiction?

The Defendant argues that the Plaintiff's Complaint specifically alleges violations of HIPAA and, therefore, a federal question sufficient to provide removal jurisdiction is presented. Def.'s Br. in Opp'n to Remand at 3. The Plaintiff's Complaint does mention HIPAA and it does claim that the Defendant violated the federal act. However, in *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, the Court of Appeals for the Fourth Circuit made it clear that the mere fact that a complaint contains an allegation that a federal act was violated is insufficient to confer federal jurisdiction. 29 F.3d 148, 154 (4th Cir. 1994). In *Mulcahey*, the plaintiffs were landowners who brought an action in state court against the operators of a chemical plant, asserting state tort claims in connection with alleged pollution of the plaintiffs' land. *Id.* at 149. In the plaintiffs' complaint, they asserted that the defendants' actions violated federal, state, and local law. *Id.* The complaint specifically cited five separate federal statutes that it claimed the defendants violated. *Id.* at 150. Each of these statutes provided for a private right of action, but the plaintiffs were precluded from proceeding under the statutes because they had failed to comply with procedural requirements. *Id.* at 150–151. The plaintiffs disputed removal jurisdiction and filed a motion to remand. *Id.*

at 150. The district court denied the motion stating that the fact that the federal statutes included a private right of action was sufficient for the federal court to retain jurisdiction. *Id.*

■ In reviewing the district court's denial of the motion to remand in *Mulcahey*, the Court of Appeals for the Fourth Circuit ultimately held that a plaintiff's claim of a violation of federal statute does not create federal jurisdiction unless the plaintiff could avail himself of the remedies provided by the federal statute. *Id.* at 152–153. The appeals court came to this conclusion by analyzing the Supreme Court's holding in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, where the Court held that a state law action based on a violation of federal law does not confer jurisdiction unless the federal statutes provides a private right of action. *Id.* at 152 (citing *Merrell Dow*, 478 U.S. 804, 824, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). The appeals court stated that "[i]n instances in which a private federal remedy does exist, the ultimate question under *Merrell Dow* is whether Congress intended such an action, based on state law but incorporating a violation of federal law, be brought in federal court." *Id.* The Court of Appeals then analyzed whether Congress intended to confer federal jurisdiction in cases where plaintiffs were unable to exercise the private federal remedies provided in the federal statute. *Id.* The Court of Appeals held,

> [W]e are constrained to conclude that the Plaintiffs' inability to proceed under these [federal] statutes constitutes a "congressional conclusion that the presence of a claimed violation of the statutes as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." The Plaintiffs' citation of federal environmental statutes which [sic] provide for a private federal remedy is simply

not enough to show congressional intent that we exercise federal jurisdiction. Accordingly, the district court erred in finding federal subject matter jurisdiction.

*Id.* at 153 (internal citation omitted). The ultimate lesson of *Mulcahey* is that the allegation of a violation of a federal statute is insufficient to confer federal question jurisdiction. Instead, federal question jurisdiction is proper only if: (1) the federal statute cited in the complaint provides for a private right of action, and (2) the plaintiff is not barred from utilizing the private right of action.

The Court turns now to whether Healtek's allegation of a violation HIPAA meets the test set forth in *Mulcahey*. In passing HIPAA, Congress prohibited group health plans from discriminating against individual participants and beneficiaries on the basis of their health status. 29 U.S.C. § 1182. The Act is an amendment to and part of ERISA. *Stang v. Clifton Gunderson Health Care Plan*, 71 F.Supp.2d 926, 932 (W.D.Wis.1999). While HIPAA does not explicitly recognize a private right of action, at least one court has held that a private right of action is provided by ERISA's comprehensive remedial scheme contained in 29 U.S.C. § 1132. *Id.* Even if the Court assumes that HIPAA provides a private right of action pursuant to § 1132, that only satisfies the first prong of the *Mulcahey* analysis. Under the second prong, federal jurisdiction based on the allegation of HIPAA is lacking if Healthtek is procedurally or substantively barred from utilizing § 1132.

■ Congress has limited the private rights of action provided by HIPAA through ERISA to enumerated entities. Title 29, United States Code § 1132 "provides the exclusive statement of civil actions available under ERISA to the Secretary of Labor, participants, beneficiaries,

and fiduciaries. Federal jurisdiction is limited to the suits by the entities specified in the statute." *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 714 (4th Cir.1996)(internal citations omitted). Title 29, United States Code § 1132 "specifies which person ... may bring actions for particular kinds of relief." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463, U.S. 1, 25, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In pertinent part, § 1132 states:

(a) **Persons empowered to bring a civil action.** A civil action may be brought-

(1) by a participant or beneficiary-

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 409 [liability for breach of fiduciary duty];

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

29 U.S.C. § 1132. Consequently, Healthtek must fit into one of the enumerated statutory categories of participant, benefi-

ciary, or fiduciary to have standing to sue under HIPAA/ERISA.[2]

■ As the parties agree that Healthtek is neither a participant nor beneficiary, the only remaining category available to the Plaintiff to obtain standing is that of fiduciary. In pertinent part, ERISA states:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Under ERISA, an employer that establishes or maintains an employee benefit plan is a "sponsor." 29 U.S.C. § 1002(16)(B). The mere fact that an employer is a sponsor does not mean that the employer is also a fiduciary. *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir.1996). "On the other hand, a plan sponsor does become a fiduciary under the definition *if* (that is, 'to the extent') it retains or exercises any discretionary authority over the management or administration of a plan." *Id.*(emphasis in original)(internal quotation omitted).

■ Healthtek does not meet the statutory definition of fiduciary under ERISA, and therefore does not have standing to sue under ERISA. The documents submitted by the Defendant make clear that Healthtek had no authority or discretion over the administration of the health benefits plan. The Certificate of Group Health

---

**2.** Any argument that an employer has standing to sue under ERISA based on their status as an employer must fail. "The only circuit to hold otherwise is the Ninth Circuit, which held... that an employer could sue even though not a party enumerated in the statute." *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F.Supp. 906, 912 n. 4 (E.D.Va.1994), *aff'd*

by *Virginia Beach Policemen's Benev. Ass'n v. Reich*, 96 F.3d 1440, 1996 WL 511426 (4th Cir.1996). The Court of Appeals for the Fourth Circuit and every other circuit court to address the question have held that employers must fit into one of the enumerated categories in order to have standing. *Id.*

Insurance provided by Fortis states that "the plan administrator [Healtek] delegates to us [Fortis] the authority, responsibility, and discretion to determine all questions regarding eligibility for coverage and benefit adjudications under the policy." Certificate of Group Health Insurance, Attached as Exhibit 5 of Fortis's Exhibits in Supp. of Notice of Removal. The Certificate further states that Fortis has "the *sole discretionary authority* to determine the eligibility for participation or benefits and to interpret the terms of the policy." *Id.* (emphasis added). The Court can scarcely imagine contractual language making it more clear that Healthtek did not retain or exercise any discretionary authority over the plan. Consequently, Healthtek is not a fiduciary under ERISA, and it does not fit into any of the enumerated categories of entities with standing to sue under ERISA's remedial scheme.

■ Since Healthtek lacks standing to sue under HIPPA/ERISA, the mention of HIPPA in Healthtek's complaint is insufficient to confer federal question jurisdiction. *Mulcahey* requires that a plaintiff not be procedurally or substantively barred from utilizing the private right of action provided in the federal statute cited in the complaint. *Mulcahey,* 29 F.3d at 153. Here, Healthtek is barred from utilizing HIPPA's civil enforcement mechanism through lack of standing. Therefore, the fact that the Plaintiff mentioned HIPAA in the Complaint is insufficient to confer federal question jurisdiction to this Court.

### B. Are Plaintiff's Claims Completely Preempted as to Allow Federal Jurisdiction?

■ The Defendant argues that federal question jurisdiction is present because the Plaintiff's claims are completely preempted. The issues surrounding ERISA preemption of state laws are complex. As Justice Scalia has observed, the Supreme Court has accepted a plethora of cases in an attempt to resolve conflicts regarding ERISA preemption and the decisions thus far have "not succeeded in bringing clarity to the law." *California Division of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,* 519 U.S. 316, 335, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997)(Justice Scalia concurring). The doctrine of complete preemption is distinguishable from express preemption[3] in that it allows a federal court to exercise jurisdiction. Federal jurisdiction is based on the premise that "Congress 'so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 187 (4th Cir.2002). Even if a plaintiff only pleads state law causes of action in his complaint, the federal court will convert these claims into federal claims because the well-pleaded complaint rule gives way to the doctrine of complete preemption. *Id.* In *Metropolitan Life Insurance Co. v. Taylor,* the Supreme Court recognized that ERISA is one area where Congress meant to so completely pre-empt the subject area that the doctrine of complete preemption can provide federal jurisdiction. 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In

---

**3.** "Express preemption" provides an affirmative defense to certain state-law claims and originates in ERISA's express preemption provision, 29 U.S.C. § 1144(a). That provision provides that ERISA supersedes any and all state laws insofar as they relate to any employee benefit plan except for those expressly exempted by the savings clause. As an affirmative defense, express preemption does not furnish federal subject matter jurisdiction.

order for complete preemption in the context of ERISA to be applicable, the plaintiff must be seeking relief that is available under 29 U.S.C. § 1132(a). *Id.* at 66, 107 S.Ct. 1542.

 Complete preemption is available as a jurisdictional basis when four elements are satisfied: (1) there must be a relevant ERISA plan, (2) the plaintiff must have standing to sue under the plan, (3) the defendant must be an ERISA entity, and (4) the complaint must be seeking a remedy akin to that available under 29 U.S.C. § 1132(a). *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir.1999). In this case, the parties have spent the majority of their time arguing about the fourth element.[4] However, the Court finds the second element, the plaintiff's standing, dispositive and, therefore, does not reach the fourth element.

A plaintiff must have standing to sue under 29 U.S.C. § 1132(a) in order for complete preemption to confer federal question jurisdiction. *Id.; Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir.1998)(stating that lack of standing should lead to conclusion that complete preemption does not apply and removal to federal court was improper); *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir.1994)("[B]ecause the [plaintiffs] are not plan participants, beneficiaries, or fiduciaries, their remaining state claims are not within the scope of § 1132(a) and therefore not completely preempted."); *Allstate Insurance Co. v. The 65 Security Plan*, 879 F.2d 90, 93–94 (3rd Cir.1989)(finding that standing is required for complete preemption to apply); *Nahigian v. Leonard*, 233 F.Supp.2d 151, 170 (D.Mass.2002)("This

Court holds that where the plaintiff could not possibly bring a Section 1132(a) action because of his lack of standing, his suit does not fall within the scope of 1132(a), and complete preemption does not apply."); *Baird v. CSX Corp.*, 704 F.Supp. 100, 103 (W.D.Va.1989)(finding that the plaintiff's claim was not preempted because he was neither a beneficiary nor a participant)("Unlike the Chesire [sic] Cat, one cannot have the smile of preemption without the stripes of participation.").

The requirement that a plaintiff's lack of standing precludes complete preemption has its roots in the Supreme Court's holding in *Franchise Tax Board of CA v. Construction Laborers Vacation Trust for Southern CA*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In *Franchise*, a state tax authority filed a declaratory judgement action against an ERISA plan that held funds in trust in an attempt to levy those funds because of unpaid personal income taxes. *Id.* at 3–4, 103 S.Ct. 2841. The defendant removed the case to federal district court, arguing that ERISA preemption was so powerful as to entirely displace any state cause of action. *Id.* at 23, 103 S.Ct. 2841. In a prelude to its decision in *Metropolitan Life*, the Supreme Court stated that ERISA very well may provide for removal jurisdiction whenever any state action came within the scope of § 1132(a). *Id.* at 24–25, 103 S.Ct. 2841. However, the Court found that the tax authority did not have standing to sue under ERISA because it was not one of the enumerated parties listed in the civil enforcement provision of § 1132(a). *Id.* at 25, 103 S.Ct. 2841. Since the tax authority lacked standing to sue under ERISA, the Court held that the claims did not "arise

---

4. The parties have also extensively briefed the related question of whether a cause of action based on a state insurance law that fits within ERISA's savings clause can nontheless be

completely preempted. Because the Court finds the Plaintiff's lack of standing dispositive on the issue of jurisdiction, the Court finds this question immaterial to its decision.

under" federal law. *Id.* at 25–26, 103 S.Ct. 2841. Consequently, federal subject matter jurisdiction was lacking, and the Court ordered the case remanded back to the state court. *Id.* at 28, 103 S.Ct. 2841.

 As previously discussed in Section I, the Plaintiff in this case lacks standing to sue under ERISA. Healthtek does not fit into any of the enumerated categories of those entities with standing to sue under ERISA as set forth in 29 U.S.C. 1132(a). Since Healthtek lacks standing to sue under ERISA, the doctrine of complete preemption is inapplicable and does not provide a basis for federal question jurisdiction by this Court.

## IV.

### Conclusion

The removing party bears the burden of establishing federal subject matter jurisdiction. In this case, Fortis claimed that the Plaintiff's mention of HIPAA in its Complaint and the doctrine of complete preemption each provided an independent basis for federal jurisdiction. Since Healthtek lacks standing to sue under ERISA's exclusive civil enforcement provisions, the Court finds that no federal question is presented on the face of the Complaint and that Healthtek's claims are not completely preempted. Concisely stated, removal is only proper when a plaintiff could have originally brought the suit in federal court. In this case, Healthtek would have been precluded from bringing suit in federal court for lack of standing. Consequently, the Court lacks federal subject matter jurisdiction and remand to the state court is necessary.

Accordingly, the Court **GRANTS** the Plaintiff's Motion to Remand and **ORDERS** the case remanded to the Circuit Court for the City of Norfolk, Virginia. The Court finds that it lacks jurisdiction and, therefore, it does not reach the merits of the Defendant's Motion to Dismiss.

However, the Court notes that its finding that the Plaintiff's state law claims are not completely preempted does not mean that the claims are also not "expressly preempted." Since this Court lacks jurisdiction, it leaves that question for the state court on remand.

The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**