## In re MICROSOFT CORP. ANTITRUST LITIGATION

**Birdsong Tractor and Supply, Inc., on behalf of itself and all others similarly situated in the State of Arkansas**

v.

**Microsoft Corporation**

No. MDL 1332.
No. CIV.JFM–03–3460.

United States District Court, D. Maryland.

Aug. 23, 2004.

Charles   B.   Casper,   Montgomery
McCracken Walker and Rhoads, Philadel-

phia, PA, Daryl A. Libow, David B. Tulchin, Sullivan and Cromwell, New York City, Richard J. Wallis, Steven J. Aeschbacher, Microsoft Corporation, Redmond, WA, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Birdsong Tractor and Supply, Inc. ("Birdsong") has brought this action on behalf of itself and others similarly situated against defendant Microsoft Corporation ("Microsoft"). The complaint alleges: 1) monopolistic practices and price fixing in violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), 2) negligence, and 3) unjust enrichment. Pending before me are several motions briefed by the parties before this case was transferred to this district pursuant to 28 U.S.C. § 1407 in December 2003. Plaintiff has filed a motion to remand and a motion for voluntary non-suit.[1] Microsoft has filed a motion to dismiss.[2] For the reasons stated below, plaintiff's motion to remand is denied and plaintiff's motion for voluntary non-suit is granted. I need not reach the merits of Microsoft's motion to dismiss.

### I.

### A.

Microsoft removed this case to federal court on June 18, 2003. Plaintiff filed a motion to remand on June 25, 2003, arguing that the case should be remanded because federal jurisdiction does not exist over its complaint. 28 U.S.C. § 1447.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the corresponding district court. The propriety of removal is determined as of the time of removal, *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n. 5 (5th Cir.1990), and the party seeking removal bears the burden of proving that the requirements for federal jurisdiction have been met. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir.1998). Removal jurisdiction raises significant federalism concerns, and as a result, must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Where federal jurisdiction is doubtful, therefore, a remand is necessary. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994).

Federal jurisdiction lies when an action falls within the provisions of either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. In deciding whether an action presents a federal question pursuant to 28 U.S.C. § 1331, a court must first determine whether the cause of action is created by federal or state law. *Id.* If the cause of action is created by federal law, federal jurisdiction unquestionably exists. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92

---

1. Plaintiff's motion to remand was filed on June 25, 2003. Plaintiff's motion for voluntary non-suit was filed on October 16, 2003. Plaintiff also filed two motions to amend its complaint on June 25, 2003 and July 3, 2003. Microsoft consented to, and the Arkansas District Court granted, the July 3rd motion to the extent it sought to add an additional named representative, however, the court declined to rule on any substantive changes. I need not reach these motions as I am granting plaintiff's motion for voluntary non-suit. However-

er, I do note that, with the exception of the amendment noted above, it is plaintiff's original complaint that I have considered in connection with the motion to remand, because, as indicated below, the propriety of removal is determined at the time of removal, which, in this case, was June 18, 2003. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n. 5 (5th Cir.1990).

2. Microsoft's motion to dismiss was filed on June 25, 2003.

L.Ed.2d 650 (1986). If the cause of action is created by state law, the question is whether making a determination on plaintiff's claim "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). In deciding whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, a court must determine whether the parties are completely diverse, and whether the amount in controversy exceeds $75,000.

### B.

Plaintiff's complaint alleges three state law causes of action, and seeks relief in the form of damages and restitution. Microsoft contends that this action falls within the provisions of both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. First, Microsoft argues that the first two counts of plaintiff's complaint, the claim under the ADTPA and the negligence claim, "arise under" federal law and that jurisdiction therefore exists under 28 U.S.C. § 1331. Secondly, Microsoft argues that this case qualifies for diversity jurisdiction under 28 U.S.C. § 1332, as the parties are of diverse citizenship, and plaintiff's claim for restitution exceeds the required amount in controversy.

### 1.

In support of its contention that plaintiff's complaint arises under federal law, Microsoft first points out that complaints in Arkansas courts are construed in light of the "facts alleged," without regard to the legal theories set forth in the complaint. Therefore, Microsoft contends, plaintiff's express invocation of federal antitrust laws and reliance on the fact findings of the district court in the government cases brought under the Sherman Act demonstrate that plaintiff's complaint asserts claims under federal law. However, the sole case cited by Microsoft concerns exclusively state law. *See McQuay v. Guntharp, M.D.,* 331 Ark. 466, 963 S.W.2d 583 (1998)(considering whether the facts in a complaint stated a claim for outrage or battery). While it is conceivable that an Arkansas court might decide that plaintiff's facts more appropriately state a claim under state statutes other than the ADTPA[3], there is no case law to suggest that an Arkansas state court would construe plaintiff's complaint to state federal claims.

Secondly, Microsoft contends that no private right of action allowing indirect-purchaser recovery exists under Arkansas law "for the types of unilateral abuse of monopoly power alleged by Birdsong." The question of whether Arkansas law provides for such a right of action is "an issue of state law and does not involve a substantial question of federal law." *See Thorp v. Centura Bank,* 200 F.Supp.2d 559, 560 (E.D.N.C.2001). Moreover, even if plaintiff's indirect purchaser claim fails under state law, it cannot be recast as a federal claim. It is well-established that federal antitrust law does not completely preempt state antitrust statutes, *California v. ARC America Corp.,* 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989).[4]

---

**3.** Microsoft contends plaintiff's claims would be more appropriately brought under the Arkansas Antitrust Law of 1905 (codified at Ark. Code §§ 4–75–301 to 4–75–322) or the Arkansas Unfair Practices Act (codified at Ark.Code §§ 4–75–201 to 4–75–217) because these are the Arkansas laws governing alleged antitrust violations. Moreover, plaintiff's claims of price-fixing under the ADTPA must fail, Microsoft argues, because price-fixing requires

action in concert with another party. *See* Black's Law Dictionary (5th ed.1979). Of course, claims under the Arkansas antitrust laws would similarly fail, according to Microsoft, because the Arkansas Attorney General allegedly has the sole authority under both acts to sue on behalf of indirect purchasers.

**4.** Of course, another reason that plaintiff's claim cannot be recast as a federal claim is that I have held that the *Illinois Brick* rule

Relying on my opinion in *In re Microsoft Corp. Antitrust Litigation*, 127 F.Supp.2d 702, 722 (D.Md.2001), Microsoft contends that because Arkansas law does not provide a private right of action for indirect purchasers, it is "inferable" that Birdsong is stating a federal claim. However the complaint at issue in the earlier case is distinguishable from the instant complaint. There, the plaintiffs did not plead any specific causes of action, the state antitrust statute was clearly limited to intrastate conduct, and the prayer for relief requested treble damages and unjust enrichment, neither of which were available to plaintiff under the relevant state law. By contrast, Birdsong specifically pleads state law causes of action, and does not make any request for treble damages. Under these circumstances, I am not persuaded that it is "inferable" that plaintiff is stating a federal claim.

■ Finally, Microsoft contends that plaintiff's invocation of federal antitrust law as a basis for its negligence claim creates federal question jurisdiction. This contention is unavailing. The Fourth Circuit has held that the mere reference to federal statutes that provide a private cause of action is not enough to show congressional intent to exercise federal jurisdiction. *See Mulcahey*, 29 F.3d at 153. Federal jurisdiction may be properly exercised only when: "1) the federal statute cited in the complaint provides for a private right of action, and 2) the plaintiff is not barred from utilizing the private right of action." *Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F.Supp.2d 767, 774 (E.D.Va.2003). In *Mulcahey*, the court concluded that no federal question was presented by plaintiffs' reference to federal environmental statutes in a state law negligence per se claim where: 1) the

relief sought by plaintiffs, compensatory damages, was not available under the statutes, and 2) plaintiffs were procedurally or substantively barred from proceeding under any of the statutes. 29 F.3d at 153. In the instant case, plaintiff would be similarly barred from proceeding under the federal antitrust laws by *Illinois Brick*. Accordingly, federal jurisdiction would not be proper.

The Fourth Circuit noted that its conclusion was further supported by the Supreme Court's decision in *Christianson v. Colt Industries Operating Corporation*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). *Mulcahey*, 29 F.3d at 153. *Christianson*, the court said, "teaches" that where federal statutes provide "only one of [p]laintiff's numerous theories of recovery for a particular claim, the federal issue raised thereby is not substantial." *Id.* at 154. In the instant case, plaintiff alleges negligence by Microsoft based on violations of state and federal law. Therefore, federal law provides only an "alternative theory of negligence," and federal subject matter jurisdiction does not exist as to this claim. *Id.*

### 2.

Microsoft also contends that federal jurisdiction exists because diversity jurisdiction has been established. It is undisputed that plaintiff and Microsoft are completely diverse. The disputed issue is whether plaintiff's claims satisfy the amount in controversy requirement.

■ Microsoft asserts that plaintiff's claim for disgorgement of profits satisfies the amount in controversy requirement pursuant to my decision in *In re Microsoft Corp. Antitrust Litigation*, 127 F.Supp.2d at 720–721. In that case, I held that diver-

---

prevents persons situated like plaintiff from asserting a claim for monetary damages under federal law. *See In re Microsoft Corp.*

*Antitrust Litig.*, 127 F.Supp.2d 702, 708–09 (D.Md.2001).

sity jurisdiction was appropriate where plaintiffs claimed disgorgement in addition to their claims for damages, as plaintiff has done in the instant case. Plaintiff argues that the Eighth Circuit's decision in *Crawford v. F. Hoffman–La Roche, Ltd.*, 267 F.3d 760 (2001), holding that plaintiffs' restitution claims did not support diversity jurisdiction, should control. However, that case is not binding authority on this court, and although I respect its reasoning, I was aware of other cases which had reached the same conclusion when I reached my earlier decision. Plaintiff provides no compelling reason why I should depart from my view. Therefore, I find that the amount in controversy requirement has been met, and diversity jurisdiction exists in this case. Consequently, plaintiff's motion for remand is denied.

## II.

Next, I must consider plaintiff's motion for voluntary non-suit. Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may dismiss an action without order of the court by "filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Microsoft does not claim to have filed an answer or a motion for summary judgment. However, it contends that plaintiff's motion should be denied because since the filing of this action, plaintiffs have filed eight motions and Microsoft itself has filed a motion to dismiss that is fully briefed. According to Microsoft, to allow plaintiff to dismiss now would "not only condone plaintiff's blatant forum shopping, but would also waste judicial resources and prejudice both the class and Microsoft."

█ A motion to dismiss is "neither an answer, nor . . . a motion for summary judg-

ment," and does not, therefore, operate to "terminate the right of dismissal by notice." Federal Practice and Procedure § 2363.[5] The Supreme Court has held that courts must give the Federal Rules of Civil Procedure their plain meaning, *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989), so while it may be "especially tempting" to deny plaintiff his right to dismiss in a given case, courts are obligated to adhere to the plain language of Rule 41(a)(1). *See Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir.1993).

Plaintiff seeks court approval of its motion because Rule 41(a)(1) states that the right of voluntary dismissal is subject to the provisions of Rule 23(e), which requires court approval of the dismissal of any class action. The Fourth Circuit, however, has held that Rule 23(e) does not apply to pre-certification dismissals. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1303–14 (4th Cir.1978). Nonetheless, I must be alert to the possibility that a class representative might violate his fiduciary obligation to putative class members, and that dismissal and/or settlement might prejudice the rights of absent class members such that denial of the motion for dismissal or notice to putative class members might be required. *Id.*

Although Microsoft posits that "the class" would be prejudiced by a voluntary dismissal, it does not offer any reasons why such prejudice would result. Unlike *Shelton*, this case involves voluntary dismissal only, without an accompanying settlement of claims. Therefore, I need not be concerned, for example, that the class representative might be wrongfully lever-

---

**5.** A motion to dismiss may be converted into a motion for summary judgment when matters outside the pleading are presented to and not excluded by the court, however, this provision is not relevant to the instant case. Fed. R.Civ.P. 12(b)(6).

aging putative class member's claims to achieve a more desirable settlement for himself. There is no indication that plaintiff has violated any fiduciary obligation to the putative class.

Likewise, there is no basis for finding that the voluntary non-suit would waste judicial resources, as Microsoft contends. The pending motions are the first ones I have been called upon to decide, and the work that was done in the Eastern District of Arkansas before this action was transferred to this court was not extensive in nature. As for the motion to dismiss that Microsoft has filed, no court has considered or decided it. Although the parties have expended their resources in briefing the motion, if this action is re-instituted, undoubtedly Microsoft will again move to dismiss and the work that was done in preparing the briefs here will be put to use.

For the foregoing reasons, plaintiff's motion to remand is denied. Plaintiff's motion for voluntary non-suit is granted. A separate order to that effect is being entered herewith.