**Mariko L.A. BENNETT, et al.,
Plaintiffs–Appellants,**

v.

**SOUTHWEST AIRLINES CO., The
Boeing Company, and City of Chi-
cago, Defendants–Appellees.**

No. 06–3486.

United States Court of Appeals,
Seventh Circuit.

Decided June 27, 2007.

David E. Rapoport (argued), Rapoport
Law Offices, William J. Jovan, Nolan Law
Group, Antonio M. Romanucci, Romanucci
& Blandin, Carlton E. Odim, Shestokas,
Raines, Odim & Malavia, Daniel Rose,
Kreindler & Kreindler, New York, NY, for
Plaintiffs–Appellants.

William T. Cahill, Perkins Coie, Alan L.
Farkas (argued), Madsen, Farkas & Pow-
en, Alan J. Brinkmeier, Merlo, Kanofsky &
Brinkmeier, Chicago, IL, Jeffrey J. Ellis
(argued), New York City, for Defendants–
Appellees.

Before EASTERBROOK, Chief Judge,
and BAUER and WOOD, Circuit Judges.

On Petition for Rehearing.

PER CURIAM.

Southwest Airlines' petition for rehear-
ing asserts that it presented an argument
that our opinion overlooked: "whether the
1958 Federal Aviation Act, 49 U.S.C.
§ 40101 *et.* [sic] *sec.* [sic], preempts State
authority to establish non-uniform and in-
dividual State standards for aviation safe-
ty."

We had not overlooked this argument;
we just thought it too feeble to require
comment. Southwest does not rely on any
particular section of the Federal Aviation
Act, so this argument collapses to the con-
tention, which our opinion considered at
length, that the FAA's establishment of
uniform federal standards for many as-
pects of air transportation means that the
suit arises under federal law.

Restated as an argument for preemp-
tion—but not "complete preemption" of
the field, as Southwest does not deny that

state law controls damages, if not other subjects—the contention is weaker than the one our opinion addressed. For it has long been understood that preemption is an affirmative defense. An argument that one or another state law is preempted does not permit removal, because the arising-under jurisdiction depends on the claim for relief rather than potential defenses. See, e.g., *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830–32, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); *Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901 (7th Cir.2004). Nothing in *Grable* changes that rule.

The petition for rehearing is denied, and no judge has asked for a vote on the petition for rehearing en banc.*

---

* Judge Flaum did not participate in the consideration or decision of this case.