In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-3509

JULI A. POLLITT and MICHAEL A. NASH,

*Plaintiffs-Appellants*,

*v.*

HEALTH CARE SERVICE CORPORATION,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 5961—**Robert W. Gettleman**, *Judge*.

SUBMITTED FEBRUARY 25, 2009—DECIDED MARCH 10, 2009

Before EASTERBROOK, *Chief Judge*, and ROVNER and
EVANS, *Circuit Judges*.

PER CURIAM. Juli Pollitt, a federal employee, has health
insurance as one of her job's fringe benefits. Health
Care Service Corporation administers that coverage. In
July 2007 HCSC stopped paying claims submitted on
behalf of Pollitt's son Michael, and it also began trying to
collect from health-care providers any payments made
on Michael's behalf since 2003. According to HCSC, it did

this because the Department of Labor, which tells HCSC which federal employees have what coverage, instructed HCSC that Pollitt's coverage is for herself only, rather than for herself and her family. According to Pollitt's complaint in this suit, however, HCSC reached this conclusion on its own, because the Department of Labor had failed to pay the appropriate premium into a fund that covers the expense of the medical benefits. Instead of checking with the Department or with her, Pollitt's complaint alleges, HCSC abruptly stopped covering Michael's medical expenses and made demands for reimbursement that subjected her family to humiliation and expense until, just as abruptly, HCSC changed course in October 2007 and started paying the claims again—but even then, Pollitt asserts, HCSC did not inform medical providers, who continued trying to collect from Pollitt the back payments they thought HCSC was dunning them for.

The complaint, filed in state court, seeks to recover from HCSC under state-law theories of bad-faith conduct by insurers. HCSC removed the proceeding to federal district court, where it was dismissed as preempted by the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901–14.

Preemption is a defense, and a federal defense does not allow removal. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987); *Gully v. First National Bank*, 299 U.S. 109 (1936); *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, rehearing denied, 493 F.3d 762 (7th Cir. 2007). Things are otherwise for "complete preemption," the mis-

leadingly named doctrine that applies when federal law has occupied a field, leaving no room for any claim under state law. See *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). "Complete preemption" is not a defense; instead it represents a conclusion that all claims on the topic arise under federal law, so that 28 U.S.C. §1441 permits removal. But *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), holds that federal law does not completely occupy the field of health-insurance coverage for federal workers. *Empire HealthChoice* shows that the district court erred in allowing removal under §1441 and dismissing the suit as completely preempted.

The only possible source of authority to remove is 28 U.S.C. §1442(a)(1), which says that "any person acting under" a federal officer may remove a suit that depends on the defendant's following the directions issued by that federal officer. See *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007). HCSC insists that it did nothing but carry out the Department of Labor's instructions. Yet Pollitt maintains that HCSC acted unilaterally in concluding that her coverage was for self only rather than self and family—that HCSC drew an unwarranted inference from the Department of Labor's failure to remit the self-and-family premium. What is more, Pollitt contends, the Department did not direct HCSC to recoup four years' worth of benefits, the step that induced medical providers to demand that Pollitt reimburse them (and, she adds, to refuse to provide Michael with needed care unless she paid cash in advance for those services).

Because the parties are at odds about what (if any) directions the Department of Labor issued to HCSC, a district judge cannot accept HCSC's say-so and use that as the basis of removal. Disputes about jurisdictional facts must be resolved after a hearing under Fed. R. Civ. P. 12(b)(1). The district court must receive evidence, make appropriate findings, and then either retain or remand the case as the facts require.

To the extent that HCSC was doing nothing but following the agency's orders, the case belongs in federal court and must be dismissed—not because of "complete preemption" but because suits related to a federal agency's health-benefits-coverage decisions must name as the defendant the Office of Personnel Management or the employing agency rather than the insurance carrier. 5 U.S.C. §8902(d); 5 C.F.R. §§ 890.104(a), 890.107(a), (c). See also *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) (government contractor that strictly follows agency's directions is not liable under state law). But if the Department of Labor did not direct HCSC to change Pollitt's coverage, and just paid too little into the fund, then this case must be remanded to state court. There is no relevant federal "directive," just an agency's mistake to which the carrier overreacted. Whether 5 U.S.C. §8902(m)(1), which provides that the terms of a federal insurance contract supersede state law, affects the suit, would be a subject for the state court's consideration. Finally, if the Department directed HCSC to curtail future coverage, but did not direct it to recover past benefits from medical providers, then the claim for precipitate, mistaken recoupment should be remanded. 28 U.S.C. §1367(c)(3).

The judgment is vacated, and the case is remanded for further proceedings consistent with this order.