**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3252
_____

MICHAEL PELLICANO,
                                        Appellant

v.

BLUE CROSS BLUE SHIELD ASSOCIATION; PA BLUE CROSS AND BLUE
SHIELD; CAREFIRST BLUE CROSS BLUE SHIELD MARYLAND; THE OFFICE
OF PERSONAL MANAGEMENT, INSURANCE OPERATIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-00406)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2013
Before:  JORDAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: October 3, 2013)
_____

OPINION
_____

PER CURIAM

        Michael V. Pellicano, proceeding pro se, appeals the dismissal of a complaint that

he brought against his health insurance carrier and the Office of Personal Management

("OPM").  We will affirm the judgment of the District Court.

Pellicano is a retired federal employee who became disabled after a spinal cord injury. At the time, he had health insurance through the Blue Cross Blue Shield Service Benefit Plan, which is administered by local Blue Cross Blue Shield companies ("Blue Cross"). Between 2007 and 2010, Pellicano contacted those companies seeking coverage for the cost of certain durable medical equipment. Ultimately, Blue Cross notified Pellicano that it would cover 65% of the cost of the equipment. Pellicano appealed that determination to OPM, which concurred in Blue Cross' decision.

In March 2011, Pellicano filed the present complaint in the United States District Court for the Middle District of Pennsylvania, alleging that he "was provided false, misleading, incorrect, and contradictory information with egregious intent to deny approval coverage for durable medical equipment (DME)." He further claimed that the "bad faith arbitrary and capricious actions continued even with [the approval of his benefits request], because . . . the plan allowance/UCR (usual customary and reasonable) for other members in 2008 was 100% of the billed amount for the same durable medical equipment in question." He named as defendants OPM and Blue Cross.[1] The complaint sought "compensation for emotional distress, punitive damages, and reimbursement for any expenses incurred by [him] in pursuit of this action."[2]

---

[1] The complaint listed three Blue Cross providers: the Blue Cross Blue Shield Association; Pennsylvania Blue Cross Blue Shield; and CareFirst Blue Cross Blue Shield Maryland.

[2] Challenges to federal employee health care coverage or benefits may be brought against OPM in federal court pursuant to 5 U.S.C. § 8912. Jurisdiction over the claims brought

OPM and Blue Cross filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Pellicano's claims were preempted by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 et seq. The matter was assigned to a Magistrate Judge, who recommended granting the motions. In particular, the Magistrate Judge concluded that the FEHBA, which governs health benefits programs for federal employees, preempts state law causes of action that challenge insurance processing and coverage decisions.

By order entered February 8, 2012, the District Court adopted the Magistrate Judge's recommendations and granted Blue Cross' motion to dismiss. Pellicano v. Blue Cross Blue Shield Ass'n, 2012 WL 425239 (M.D. Pa. Feb. 8, 2012) (not precedential). Pellicano filed a motion for reconsideration on February 28, 2012. Approximately three months later, on May 18, 2012, the District Court granted OPM's motion to dismiss, and noted that "[i]n view of the fact that . . . OPM is the only remaining Defendant in the above-captioned case, the Clerk of Court shall close the case." Pellicano v. Blue Cross Blue Shield Ass'n, 2012 WL 1828027, at *7 (M.D. Pa. May 18, 2012) (not precedential). On June 18, 2012, Pellicano filed another motion for reconsideration. By orders entered July 11, 2012, the District Court denied both motions for reconsideration on the merits. Pellicano filed his notice of appeal on August 7, 2012.

---

against Blue Cross arose under 28 U.S.C. § 1367. Cf. 5 C.F.R. § 890.107(c) (stating that "[a] legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors.").

We must first address the scope of our jurisdiction. Pellicano asserts that he seeks to appeal the orders granting the motions to dismiss, as well as the orders denying his motions for reconsideration. Appellant's Reply Br., 3. We agree with Blue Cross' argument, however, that Pellicano's notice of appeal was timely only as to the denial of the motions for reconsideration, and that we therefore lack jurisdiction to review the underlying judgments. Br. of Appellee Blue Cross, 20-26. Because a United States agency is a party to this case, Pellicano had to file his notice of appeal within 60 after entry of the judgment. Fed. R. App. P. 4(a)(1)(B). A "judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Here, the District Court entered its judgment on May 18, 2012, the day it dismissed the claims that had been brought against OPM, the last remaining defendant. That judgment satisfied the requirements of Federal Rule of Civil Procedure 58(a) (providing that "[e]very judgment . . . must be set out in a separate document . . ."); In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006) (listing the "separate document" criteria). Thus, Pellicano had until July 17, 2012, to file a timely notice of appeal. His notice of appeal, filed on August 7, 2012, was 21 days late.

A timely post-judgment motion will toll the time to file an appeal. See Fed. R. App. P. 4(a)(4)(A); Baker v. United States, 670 F.3d 448, 460 (3d Cir. 2012). As relevant here, a motion to alter or amend the judgment must be filed no later than 28 days after entry of the judgment. See Fed. R. Civ. P. 59(e). Pellicano filed a motion for reconsideration on June 18, 2012, which is 31 days after entry of the District Court's

4

judgment.[3] We note that OPM's brief in opposition to Pellicano's Rule 59(e) motion did not include a timeliness objection. Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam) (holding that because Rule 59(e) is a claim-processing rule, an objection based on the untimeliness of such a motion may be forfeited). But forfeiture in the District Court does not result in a waiver of the timeliness objection based on Rule 4(a)(4)(A) that was made in this Court. Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010); see also Long v. Atl. City Police Dept., 670 F.3d 436, 446 n.18 (3d Cir. 2012). Under the circumstances, the motion for reconsideration that was filed on June 18, 2012, did not toll the time for appeal.[4] Therefore, we lack jurisdiction to review the orders granting the motions to dismiss.

---

[3] Prior to seeking reconsideration, Pellicano filed a "Motion for Enlargement of Time," requesting an additional 14 days to "prepare filings concerning his case[.]" The District Court denied that motion as moot, seemingly because Pellicano had by then filed his motion for reconsideration. To the extent that the District Court intended to permit the timely filing of the reconsideration motion, we note that it lacked authority to do so. Fed. R. Civ. P. 6(b)(2) (providing that that the time limit of Rule 59(e) may not be judicially extended). Furthermore, we conclude that Pellicano's "Request for Status of Plaintiff's Motion for Reconsideration," which he filed on May 24, 2012, cannot be construed as a motion of the type that will toll the time for filing the notice of appeal under Rule 4(a)(4)(A). Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (stating the general rule that courts are to liberally construe pro se litigants' pleadings).

[4] Pellicano also filed a motion for reconsideration on February 28, 2012, seeking review of the February 8, 2012 order granting Blue Cross' motion to dismiss. The tolling effect of Rule 59(e) does not apply here, however, because the District Court's order was not a final judgment. Indeed, at the time, the District Court had neither adjudicated the claims that were brought against OPM, nor directed the entry of a final judgment against Blue Cross under Rule 54(b). Therefore, Pellicano's motion for reconsideration of the District Court's non-final order "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings

We still may consider, however, the denial of Pellicano's motions for reconsideration. Long, 670 F.3d at 446 n.19 (stating that this Court has "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration."). "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). We review the District Court's denial of reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Long, 670 F.3d at 446 (stating that "our review of the order denying reconsideration is subject to a more deferential and circumscribed standard of review than would apply if we also were to have jurisdiction to consider the underlying dismissal order"). "To demonstrate an abuse of discretion, [an appellant] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." Hart v. Elec.

_____

prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under [Rule] 59(e)." Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (citations omitted); see also Auto Servs. Co., Inc. v. KPMG, 537 F.3d 853, 856 (8th Cir. 2008) (stating that "[b]ecause an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment."); Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005) (holding that "Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken").

6

Arts, Inc., 717 F.3d 141, 148 (3d Cir. 2013) (quoting Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 542 (3d Cir. 2007)).

Pellicano sought reconsideration regarding "the application of FEHBA preemption." In particular, he argued that his claims were not preempted by the FEHBA because he did not challenge the denial of health benefits, but instead sought relief based on "bad faith insurance practices." Pellicano relied on Empire Healthchoice Assurance, Inc. v. McVeigh, in which the Supreme Court stated that the FEHBA's preemption provision "does not purport to render inoperative *any and all* state laws that in some way bear on federal employee-benefit plans." 547 U.S. 677, 680 (2006). The District Court denied the motions for reconsideration on the basis that Pellicano's arguments were "the precise matters that the Court previously considered and denied."

We agree with this assessment. Indeed, Pellicano's briefs in opposition to the motions to dismiss attempted to distinguish disputes concerning coverage benefits from claims asserting "emotional distress" based on the improper processing of health benefits. The District Court addressed this argument in its initial opinions, noting that "courts have rejected efforts by plaintiffs in similar situations from seeking relief in court against carriers based on a tort theory of liability." Pellicano, 2012 WL 425239, at *5; see also Pellicano, 2012 WL 1828027, at *5 n.4 (stating that "[c]ourts have consistently rejected efforts by plaintiffs to draw this same distinction as an attempt to avoid FEHBA preemption and recover in court against insurance carriers."). Thus, to the extent that Pellicano sought to simply reargue claims previously raised, the District Court properly

7

denied the motions for reconsideration. See Lazaridis, 591 F.3d at 669 (holding that "motion [that] advanced the same arguments that were in [appellant's] complaint and motions . . . [was] not a proper basis for reconsideration").

We also discern no abuse of discretion in the District Court's rejection of Pellicano's claim that it failed to properly apply McVeigh and "more recent cases than those cited" in the opinions accompanying the orders granting the motions to dismiss. McVeigh addressed whether federal courts have subject matter jurisdiction over a FEHBA plan's subrogation-based claim for reimbursement against a plan enrollee. McVeigh, 547 U.S. at 682 (noting that "[t]his case concerns the *proper forum* for reimbursement claims" (emphasis added)). In answering that question in the negative, the Supreme Court considered the scope of the FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), but only for purposes of evaluating whether it was broad enough to be "jurisdiction-conferring." Id. at 697; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (distinguishing between preemption as a defense to a state law claim and "complete pre-emption" as a basis for federal question jurisdiction). Likewise, the post-McVeigh cases cited in Pellicano's motions for reconsideration concern § 8902(m)(1)'s effect on federal jurisdiction, not whether FEHBA preemption provides a substantive defense to a particular state law claim that is properly brought in federal court. See Pollitt v. Health Care Serv. Corp., 558 F.3d 615, 616 (7th Cir. 2009) (per curiam) (holding that "the district court erred in allowing removal under [28 U.S.C.] § 1441 and dismissing the suit as completely preempted."); Farnsworth v. Harston, 2011 WL

285811, at *1 (D. Utah 2011) (not precedential) (concluding that complete preemption did not exist so as to confer federal jurisdiction over FEHBA-plan enrollee's state law claim for benefits). These cases, therefore, are inapposite.

For the foregoing reasons, we will affirm the District Court's orders denying Pellicano's motions for reconsideration.